UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASBIR SINGH; BANY LOPEZ; JULIO VIDRIO; JAMES SLIGER; DERRICK LEWIS; JERRY LEININGER; KRISTOPHER SPRING; and JERRY WOOD,<br><br>Plaintiffs,<br><br>v.<br><br>ROADRUNNER INTERMODAL SERVICE, LLC; CENTRAL CAL TRANSPORTATION, LLC; and DOES 1-100, inclusive,<br><br>Defendants. | No. 1:15-cv-01497-DAD-BAM<br><br>ORDER GRANTING LEAVE TO AMEND<br><br>(Doc. No. 35) |

On February 9, 2015, plaintiffs filed the original complaint for this putative class action in the Superior Court of California, County of San Francisco, alleging seven causes of action, including failure to provide meal and rest periods, failure to pay minimum wages, unlawful business deductions, failure to pay wages upon termination of employment, failure to issue statutory complaint wage statements, and violations of the California Business and Professions Code § 17200 *et seq.* (Doc. No. 1-1.) On April 15, 2015, defendants Roadrunner Intermodal Services, LLC, Central Cal Transportation, LLC, and Morgan Southern Inc. removed the action to federal court. (Doc. No. 1.) In a joint case management statement, filed July 17, 2015,

defendants contended that "[p]laintiffs had no contractual or other relationship with Defendants, Roadrunner Intermodal Services, LLC ('RRIS'), and Morgan Southern, Inc. ('MSI')." (Doc. No. 14, at 3.)

On January 21, 2016, plaintiffs filed the present motion to amend (Doc. No. 35-1) along with a proposed first amended complaint (Doc. No. 35-2).  Plaintiffs seek to add three new plaintiffs, who were all employed by Morgan Southern, Inc.  (Doc. No. 35-1, at 3.)  Defendants have not filed an opposition to plaintiff's motion.  Moreover, the court held a hearing on the motion on May 3, 2016.  Although plaintiffs' counsel Daniel Kopfman was present, defendants failed to appear at that hearing and did not otherwise contact the court in any way to indicate their position regarding plaintiffs' motion.[1]  For the reasons that follow, the court will grant plaintiff's motion to amend.

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a)(2).  Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

Here, each of the original plaintiffs all worked out of the Central Cal Transportation LLC office.  The three proposed new plaintiffs all worked out of the office of Morgan Southern Inc.

---

[1]  It is conceivable that defendants' counsel has been confused by the reassignment of this action and related court orders.  On January 25, 2016, after defendants declined to consent to magistrate judge jurisdiction, this action was assigned to U.S. District Judge Kimberly Mueller, sitting in Sacramento. (Doc. No. 38.)  Thereafter, the hearing on plaintiffs' motion to amend was first reset for February 26, 2016 and then for March 25, 2016, before Judge Mueller.  (Doc. Nos. 39, 41.)  However, on February 18, 2016, the case was reassigned to the undersigned in the Fresno Division of the court. (Doc. No. 42.)  Thereafter, the hearing on the motion was reset for May 3, 2016 before the undersigned.  Doc. No. 44.)  Nonetheless, Local Rule 230(c) requires a party to file either an opposition or a statement of non-opposition to any properly noticed motion.  Counsel for defendants is forewarned that any future failure to comply with the Local Rules may result in the imposition of sanctions.

(Doc. No. 35-1., at 3.) Plaintiffs contend that "[a]dding the three proposed new Plaintiffs to the Complaint will facilitate the discovery process and [ ] address any potential arguments that the original Plaintiffs are not adequate class representatives of persons employed by Morgan Southern, Inc." (*Id*.)

There is nothing before the court to suggest bad faith on part of plaintiffs or any undue prejudice to defendants posed by the granting of leave to amend. Under these circumstances, the court will grant plaintiffs' motion to amend their complaint and this matter will now proceed with plaintiffs' first amended complaint as the operative pleading. *See Estrella v. Freedom Financial Network*, LLC, No. CV 09-3156 SI, 2011 WL 4595017, at *2 (N.D. Cal. Oct. 3, 2011) (permitting plaintiffs to amend their complaint to add additional class representatives in order "to ensure complete class representation.").

**ORDER**

1. Plaintiffs' motion to amend (Doc. No. 35-1) is granted; and
2. This action will proceed on plaintiff's first amended complaint (Doc. No. 35-2) as the operative pleading.

IT IS SO ORDERED.

Dated:  **May 3, 2016**                           _____
                                                 UNITED STATES DISTRICT JUDGE