Nicholas J.P. Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel M. Kopfman, SBN 192191
Lawrence M. Artenian, SBN 103367
**WAGNER, JONES, KOPFMAN,**
**& ARTENIAN LLP**
1111 E. Herndon, Ste. 317
Fresno, CA 93720
Tel.: (559) 449-1800
Fax: (559) 449-0749

Attorneys for Plaintiffs JASBIR SINGH, BANY LOPEZ, JULIO VIDRIO, JAMES SLIGER, DERRICK LEWIS, JERRY LEININGER, KRISTOPHER SPRING, JERRY WOOD, CAPPELLI BURLESS, ROBERT HASKINS, DOUGLAS LUIS, PAUL BONNER, CHRISTOPHER CROSS, LEO LEWIS, RICHARD LOVE, WILFRED MCGIRT, NICHOLAS RICH, and LATRINA PHILLIPS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABIR SINGH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; and MORGAN SOUTHERN, INC.,<br><br>    Defendants. | Lead Case No.: 1:15-cv-01497-DAD-BAM<br><br>Assigned to the Hon. Dale A. Drozd<br><br>**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed concurrently with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement; Supporting Declarations; [Proposed] Order]<br><br>Date:        May 1, 2018<br>Time:        9:30 a.m.<br>Judge:       Hon. Dale A. Drozd<br>Courtroom:    5, 7th Floor<br><br>Complaint Filed:  February 9, 2015 |
| NICHOLAS E. RICH, an individual, on behalf of himself and all others similarly situated, | Member Case No. 1:16-cv-01900-DAD-BAM |

1          Plaintiffs,

2          v.

3    ROADRUNNER INTERMODAL
     SERVICES, LLC; CENTRAL CAL
4    TRANSPORTATION, LLC; MORGAN
     SOUTHERN, INC.; and DOES 1 through
5    50, inclusive,

6

7          Defendants.

8    LATRINA PHILLIPS, an individual; on          Lead Case No.: 1:17-cv-00164-DAD-BAM
     behalf of himself and all others similarly
9    situated,

10

11         Plaintiff,

12         v.

13   ROADRUNNER INTERMODAL
     SERVICES, LLC; and MORGAN
14   SOUTHERN, INC.,

15         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL**

## DECLARATION OF DANIEL M. KOPFMAN

I, DANIEL M. KOPFMAN, declare:

1.      I am a partner of the law firm Wagner Jones Kopfman & Artenian, LLP ("WJKA"), attorneys of record for Plaintiffs in the above-captioned actions.  I am counsel of record for all Class Representatives ("Plaintiffs") in the above-captioned actions (the "*Singh* Action," the "*Rich* Action," and the "*Phillips* Action").  I am admitted to practice before all courts of the State of California, including the United States District Court for the Eastern District of California.  I am proposed Co-Class Counsel for the class action herein and have personal knowledge of the facts thereto.  I make this declaration upon my personal knowledge and, if called upon and sworn as a witness, I could and would competently testify hereto.

2.      This Declaration is submitted in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

3.      Co-Class Counsel are Kabateck Brown Kellner LLP and Wagner Jones Kopfman & Artenian LLP and Defendants' counsel is Scopelitis, Garvin, Light, Hanson & Feary, P.C., all of whom have extensive experience litigating wage and hour class actions, and especially in the transportation context.  Co-Class Counsel and Defendants' counsel have litigated the three Actions since their respective inceptions.  To the greatest extent possible, Co-Class Counsel avoided duplication of work by coordinating their efforts throughout the prosecution of these Actions.

### I.  Procedural Background

4.      On February 9, 2015, the *Singh* Plaintiffs filed the *Singh* Action in the Superior Court of California, County of San Francisco, Case No. CGC-15-544563.  On April 15, 2015, Defendants removed the *Singh* Action to the United States District Court for the Northern District.  On October 2, 2015, the *Singh* Action was transferred to the United States District Court for the Eastern District of California (Sacramento).  Finally, on February 18, 2016, the *Singh* Action was transferred to the Eastern District of California (Fresno) and assigned to the Honorable Dale A. Drozd.

/ / /

## II. Litigation Efforts and Investigation

5.      Through the prosecutions of the *Singh*, *Rich*, and *Phillips* Actions, the Parties engaged in sufficient litigation efforts, including investigation, discovery, and discussions to assess the relative merits of Plaintiffs' claims and Defendants' defenses to them, as well as the likelihood of recovery.  The Parties exchanged both formal and informal discovery throughout the prosecution of the *Singh*, *Rich*, and *Phillips* Actions.  The Parties exchanged an extensive amount of formal written discovery, including Initial Disclosures, thousands of pages of documents produced, classwide data, and a class list.  Among the Actions, Defendants propounded to Plaintiffs 21 sets of special interrogatories, 19 sets of requests for production of documents, and 13 sets of Requests for Admission.  Plaintiffs provided responses to Defendants' 13 sets of special interrogatories, 13 sets of requests for production of documents, and 10 sets of Requests for Admission.  Plaintiffs propounded to Defendants 21 sets of special interrogatories, 10 sets of requests for production of documents, and three sets of Requests for Admission. Defendants responded to Plaintiffs' 22 sets of special interrogatories, including supplemental responses, eight sets of requests for production of documents, and three sets of Requests for Admission.  Moreover, the parties engaged in numerous meet and confer exchanges regarding this written discovery.

6.      The Parties participated in three arms'-length mediations over a span of about 1.5 years.  Plaintiffs and their counsel in the *Singh* and *Rich* Actions and Defendants and their counsel participated in the first mediation on July 12, 2016 with the Hon. Peter D. Lichtman (Ret.).  The same Parties participated in a second mediation on September 14, 2016 again with the Honorable Peter D. Lichtman (Ret.).  The first and second mediations did not result in a resolution of the Actions, so Plaintiffs continued to prosecute their Actions and move forward with filing their Motion for Class Certification.  Finally, on January 31, 2018, counsel in the *Singh*, *Rich*, and *Phillips* Actions, and Defendants and their counsel participated in a third mediation with well-respected and experienced mediator, Mark S. Rudy.  The mediation ended with Mr. Rudy's mediator's proposal, which the Parties thoughtfully considered.  With the benefit of the foregoing experience and discovery and 30 total depositions at the time of the

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

ongoing settlement negotiations in the weeks following the third mediation, counsel were well-placed to properly evaluate the strengths and weaknesses of their respective claims and defenses debated at length at mediation, the value of the proposed Settlement, and the risks and expenses of continued litigation through trial and appeal. Furthermore, Plaintiffs learned at the mediation that Defendants have been experiencing financial hardships, including the fallout—in the form of derivative shareholder lawsuits—from recently revealing to the public that Defendants overstated net income by $66.5 million dating back to the beginning of 2014. Following the mediation, Plaintiffs further investigated the veracity of Defendants' claims, which Plaintiffs were then able to substantiate. Plaintiffs seriously considered Defendants' current financial circumstance and depressed stock price at the time of the mediation and the weeks thereafter in deciding to accept the mediator's proposal. The Parties ultimately accepted the mediator's proposal on February 14, 2018. Thereafter, the Parties executed a Memorandum of Understanding and jointly drafted and executed the Settlement Agreement.

In sum, the investigation, prosecution, and mediations have included, among other efforts, (a) multiple meetings with Plaintiffs; (b) exchanging information; (c) analyzing Defendants' legal positions taken; (d) investigating the viability of class treatment of the Claims asserted in these Actions; (e) defending 18 depositions of Named Plaintiffs and taking depositions of nine current and former employees and three 30(b)(6) depositions of Defendants' Persons Most Knowledgeable (PMK) on 26 topics with 32 requests for production; (f) researching the applicable law with respect to the Claims asserted in these Actions and the potential defenses thereto; (g) moving for class certification; (h) opposing Defendants' Motion for Summary Judgement; (i) assembling and analyzing an extensive amount of classwide data to calculate potential classwide damages; and (j) propounding and responding to a collective total of 113 separate sets of formal written discovery. Therefore, Co-Class Counsel have sufficiently investigated the potential and actual claims and defenses thereto, zealously prosecuted their respective actions through the litigation stage, and have remained engaged throughout the settlement stage.

7.     This was a hard-bargained, non-collusive settlement hammered out during

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

1    mediations and extensive post-mediation negotiations.  All counsel agree that the Settlement

2    represents a fair and reasonable resolution to this matter in light of the various risks and costs to

3    the respective parties of continued litigation.  As is proper practice for class action attorneys, Co-

4    Class Counsel did not discuss the amount of attorneys' fees until after an agreement was reached

5    in principal with respect to the direct class settlement benefits and the Gross Settlement Amount.

6          8.        Co-Class Counsel have vigorously prosecuted these three actions, which were

7    hard fought at all stages over three years and warrant attorneys' fees greater than the 25%

8    benchmark.  As explained in greater detail in Section III., Co-Class Counsel pursued all three

9    actions on a contingency fee basis.  Co-Class Counsel took three (3) total 30(b)(6) depositions on

10   26 topics with 32 requests for production, took nine (9) employee depositions in California and

11   Georgia, defended 18 depositions of Named Plaintiffs and one declarant, propounded and

12   responded to 113 individual sets of formal written discovery and several sets of informal

13   discovery.  Moreover, Plaintiff Phillips fought and prevailed in challenging Defendants' Motion

14   for Summary Judgment and the *Rich* Plaintiffs filed their Motion for Class Certification before

15   the *Rich* Action was transferred to this Court.  Collectively, the firms involved in this litigation

16   have expended thousands of hours and a substantial amount of resources prosecuting these three

17   actions.  Finally, to further support that this settlement was hard-fought, it took three mediations

18   to ultimately arrive at this excellent result for the Class.

19         9.        Likewise, I believe the service enhancements of $7,500.00 to Named Plaintiffs is

20   justified, extremely fair, and warranted.  Defendants do not oppose this amount.  Plaintiffs

21   invested considerable effort and time in this action by locating witnesses, analyzing documents,

22   assisting Counsel, attending depositions, responding to discovery, attending mediation, and

23   participating in settlement negotiations.  Plaintiffs have placed the interests of the Class

24   Members ahead of their own in pursuit of a Class wide recovery.  Plaintiffs have accepted the

25   risk of protracted class action litigation and have entered general releases of all claims.  In

26   addition, the Named Plaintiffs have agreed to enter into a general release of all claims in order to

27   secure the $9,250,000.00 settlement for the class.  Settlement Agreement, III.D. and E.  As for

28   Class Members, they enter into a narrower release and release only those claims asserted in the

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL**

Complaint or that arise from or are related to the factual allegations alleged in the Complaint. *Id.*

**III.  Qualification of Counsel**

10.     Co-Class Counsel are experienced in class action litigation, with decades of combined complex litigation experience, including particular experience in wage-and-hour class action litigation.  Defense counsel are no less qualified or experienced.

11.     I graduated from San Joaquin College of Law on May 19, 1997, and was admitted to the State Bar of California on December 8, 1997.  I am a partner with the Law Offices of Wagner Jones Kopfman & Artenian, LLP.  My law firm focuses on representing plaintiffs in employment, wage and hour class actions, and personal injury cases in both state and federal court.  I have spent the majority of my time over the past 15 years litigating the firm's class action lawsuits.

12.     Wagner, Jones, Kopfman & Artenian LLP has litigated numerous class actions, including the following: (a) Matt Batrich v Prudential Overall Supply, Fresno County Superior Court Case No. 01CECG02512; (b) Juarez v BCI Coca-Cola Bottling Company of Los Angeles, Fresno County Superior Court Case No. 02CECG00796; (c) Collins v Superstores of America, Inc. dba MOR Furniture, Fresno County Superior Court Case No. 03CECG01393; (d) Galanti v. Cambridge Investments LLC, San Diego County Superior Court Case No. GIC 828845, (e) Krispy Kreme Overtime Cases; Coordinated Actions: Avina v. Krispy Kreme Doughnut Corp., et al. Hashimoto v. Krispy Kreme Doughnut Corp., et al. Alameda County Superior Court Case No. JCC4489, (f) Vanessa Alvarado v. Bobby Salazar's Restaurant, (g) Janet Orlando v. Alarm One, Fresno Superior Court Case No.: 05ECG01585, (h) Brett Goodman v. The Pepsi Bottling Group, Inc., Ventura Superior Court Case No.: CIV 241341, (I) Carol Lane v. Stewart Title of California, Fresno Superior Court Case No.: 07ECG01735, (j) Lisa English v. Financial Title, Fresno County Superior Court Case No. 05ECG01766, (k) Tamara Cardoso v. First American Title Company, Orange County Superior Court Case No.: 66 CC00197, (l) Danielle Brewer v. First American Title Company, Orange County Superior Court Case No.: 30-2007-00035365-CU-OE-CAC, (m) Raymond C. Martinez v. Gerrard, Inc., Richard Gorubec, Fresno Superior Court Case No.: 04 ECG 02833, (n) Vanessa Alvarado v. Bobby Salazar's Restaurant, Fresno

- 6 -

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**

1  Superior Court Case No.: 05 ECG 00159, (o) Lloyd Martin and Grady O'Bryant v. Ameripride

2  Services, Inc., U.S. District Court, Southern District of California Case No. 08-CV-0440, (p)

3  Jones, et al. v. Seven-Up RC Bottling Company of Southern California, Los Angeles County –

4  Central Civil West Case No.: BC381293, (q) Cortina v. North American Title Company and

5  North American Services, LLC,  Fresno Superior Court Case No. 07CECG01169, (r) Chaffin v.

6  Landamerica, Financial Group, et al., Los Angeles Superior Court Case No. BC381693, (s) Hay

7  v. Landamerica Financial Group, et al.,  Los Angeles Superior Course Case No. BC382210, (t)

8  Williams et al. v. Ruan, et al., Tulare County Superior Court, Case No. VCU09-231325, (u)

9  Erickson, et al. v. Old Republic, United States District Court, Southern District of California,

10  Case No. 13-cv-1210; (v) Ridgeway et al. v. Wal-Mart Stores, Inc. U.S. District Court, Northern

11  District of California Case No. 3:08-cv-052221 SI.

12       13.    In late 2015, my law firm tried the Cortina v. North American Title Company

13  certified class action to the Court.  The Court issued a statement of decision that found liability

14  as to the exempt class and decertified the non-exempt class.

15       14.    In late 2016, my law firm tried the Ridgeway et al. v. Wal-Mart Stores, Inc.

16  certified class action to a jury.  The approximately Sixty Million Eight Hundred Thousand

17  ($60,800,000.00) judgment plus attorney fees is currently on appeal before the Ninth Circuit

18  Court of Appeal.

19       I declare under penalty of perjury under the laws of the State of California that the

20  foregoing is true and correct.

21       Executed this 13th day of April, 2018 at Los Angeles, California.

22

23                                         _____

24                                         DANIEL M. KOPFMAN

25

26

27

28

- 7 -

**DECLARATION OF DANIEL M. KOPFMAN IN SUPPORT OF MOTION FOR**
**PRELIMINARY APPROVAL**