Brian S. Kabateck, SBN 152054
bsk@kbklawyers.com
Shant A. Karnikian, SBN 285048
sk@kbklawyers.com
Cheryl A. Kenner, SBN 305758
ck@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 217-5000
Fax: (213) 217-5010

Nicholas J.P. Wagner, SBN 109455
Andrew B. Jones, SBN 076915
Daniel M. Kopfman, SBN 192191
Lawrence M. Artenian, SBN 103367
Angela E. Martinez, SBN 297169
**WAGNER, JONES, KOPFMAN,
& ARTENIAN LLP**
1111 E. Herndon, Ste. 317
Fresno, CA 93720
Tel.: (559) 449-1800
Fax: (559) 449-0749

Attorneys for Plaintiffs, JASBIR SINGH, BANY LOPEZ, JULIO VIDRIO, JAMES SLIGER, DERRICK LEWIS, JERRY LEININGER, KRISTOPHER SPRING, JERRY WOOD, CAPPELLI BURLESS, ROBERT HASKINS, DOUGLAS LUIS, NICHOLAS RICH, and LATRINA PHILLIPS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JABIR SINGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; and MORGAN SOUTHERN, INC., <br><br> Defendants. <br><br> NICHOLAS E. RICH, an individual, on behalf of himself and all others similarly situated, | Lead Case No.: 1:15-cv-01497-DAD-BAM <br><br> Assigned to Hon. Dale A. Drozd <br><br> **[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Judge:      Hon. Dale A. Drozd <br> Courtroom: 5, 7th Floor <br> Hearing:    May 1, 2018 <br> Time:       9:30 a.m. <br><br> Complaint filed:   February 9, 2015 <br><br> Member Case No. 1:16-cv-01900-DAD-BAM |

|  |  |
|---|---|
| Plaintiffs,<br>v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; MORGAN SOUTHERN, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. |  |
| LATRINA PHILLIPS,<br><br>Plaintiff,<br>v.<br><br>ROADRUNNER INTERMODAL SERVICES, LLC; and MORGAN SOUTHERN, INC.,<br><br>Defendants. | Case No. 1:17-cv-00164-DAD-BAM |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The Motion for Preliminary Approval of a Settlement came before this Court, on May 1, 2018.  The Court, having considered the proposed Settlement Agreement (the "Settlement Agreement") and the Exhibits attached thereto (hereafter collectively, the "Notice Packet"); having considered the Unopposed Motion for Preliminary Approval of Class Action Settlement filed by Plaintiffs; having considered the respective points and authorities and declarations submitted by Co-Class Counsel in support thereof; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

The Court grants preliminary approval of the settlement as set forth in the Settlement Agreement and finds the terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at the Final Fairness Hearing.  For purposes of

the settlement, the Court finds that the proposed settlement class is ascertainable and that there is a sufficiently well-defined community of interest among the Class in questions of law and fact. Therefore, for settlement purposes only, the Court grants conditional certification of the following "Settlement Class" defined as "All current and former California residents who worked for the Defendants in the position of Owner-Operator and/or Independent Contractor Truck Driver at any time from February 9, 2011 through April 15, 2018.

1. For purposes of the settlement, the Court further designates Named Plaintiffs Jasbir Singh, Bany Lopez, Julio Vidrio, James Sliger, Derrick Lewis, Jerry Leininger, Kristopher Spring, Jerry Wood, Cappelli Burless, Robert Haskins, Douglas Luis, Paul Bonner, Christopher Cross, Leo Lewis, Richard Love, Wilfred Mcgirt, Nicholas Rich, and Latrina Phillips as Class Representatives, and the law firms of Kabateck Brown Kellner LLP and Wagner Jones Kopfman & Artenian LLP as Co-Class Counsel.

2. The Court confirms CPT Group, Inc. as the Settlement Administrator.

3. A final fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class is scheduled in Courtroom 5 of this Court, located at 2500 Tulare Street, 7th Floor, Fresno, California 93721, on May 1, 2018 at 9:30 a.m.

4. At the final fairness hearing, the Court will consider: (1) whether the settlement should be approved as fair, reasonable, and adequate for the class; (2) whether a judgment granting approval of the settlement should be entered; and (3) whether Co-Class Counsel's application for awards should be granted for (a) attorneys' fees to Class Counsel, (b) reimbursement of litigation costs to Co-Class Counsel, (c) Enhancement Payments to the Named Plaintiffs, and (d) settlement administration costs to the Settlement Administrator.

5. Class Counsel shall file a motion and memoranda for final approval and awards of attorneys' fees, reimbursement of litigation expenses, Class Representatives' Enhancement Payments, and the Settlement Administrator's Declaration of Compliance concurrently with all supporting declarations, and other statements and materials in support of their request for final approval and awards no later than _____, 2018 at _____ a.m./p.m.

6. The Court approves, as to form and content, the Notice of Class Action Settlement and Notice of Estimated Individual Settlement filed in these actions in conjunction with the Parties Joint and Unopposed Motion for Preliminary Approval.

7. Defendants shall supply the Class List to the Settlement Administrator by or before _____, 2018, which shall be no later five (5) calendar days after the date of this Order.

8. The Settlement Administrator shall mail Notice Packets by the Notice Date, which shall be no later ten (10) calendar days after the date of this Order. Accordingly, the Settlement Administrator shall mail Notice Packets no later than _____, 2018.

9. The Class Notice shall provide Class Members at least forty-five (45) calendar days from the Notice Date to dispute their number of Qualifying Work Weeks credited, to opt out of the settlement, and to object to the settlement ("the Objection/Exclusion Deadline Date"). The Objection/Exclusion Deadline Date shall be forty-five (45) days after the date the Notice Packet is first mailed (or first re-mailed) by the Settlement Administrator to the Class Member. Accordingly, the Objection/Exclusion Deadline Date for all Class Members to postmark Requests for Exclusion, disputes of Qualifying Work Weeks, and Objections is _____, 2018.

10. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the action and of this settlement and the methods of giving notice to members of the Settlement Class, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class. They fully comply with the requirements of Federal Rule of Civil Procedure 23, the California and United States Constitutions, and other applicable law.

11. The Court further approves the procedures for Class Members to participate in, opt out of, or object to the Settlement, as set forth in the Settlement Agreement and Notice Packet.

///

12. To validly opt out of the settlement, a Class Member must submit a signed written Request for Exclusion, which must be mailed to the Settlement Administrator on or before _____, 2018—the Objection/Exclusion Deadline Date. To be valid, the Request for Exclusion must be both timely and complete. To be complete, the Request for Exclusion must: (a) include a written statement requesting exclusion from the Settlement as further detailed in the Class Notice; (b) reference the name, current address and telephone number of the person requesting exclusion; (c) be signed by the person requesting exclusion or by his or her authorized representative; (d) include the last four (4) digits of his or her social security number. To be timely, the Request for Exclusion must (a) be mailed to the Settlement Administrator and (b) postmarked no later than the Objection/Exclusion Deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.

13. To validly object to the Settlement Agreement, an objecting Class Member must mail a copy of the objection to the Settlement Administrator by First-Class U.S. Mail no later than forty-five (45) days after the date the Notice Packet is first mailed by the Settlement Administrator to that Class Member, unless the Class Member's Notice Packet was re-mailed, in which case the objection must be postmarked on or before 15 days after the initial 45-day period. The date of delivery of the written objection is deemed to be the date the objection is deposited in the U.S. mail, postage prepaid, as evidenced by the postmark. Upon receipt of a Class Member's written objection, valid or otherwise, the Settlement Administrator shall promptly mail a copy of the Class Member's written objection to Co-Class Counsel and to Defense Counsel. The objection must do all of the following: (1) include the case name and number; (2) must set forth, in clear and concise terms a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interest of the Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection; and (3) if an objector also wishes to appear at the Final Approval Hearing, in person or through an attorney, he or she must state his or her intention to appear. Unless otherwise ordered by the Court, Class Members shall not be entitled

to speak at the Final Approval Hearing unless they have submitted a timely written objection that gives notice of his or her intention to appear pursuant to this Section. Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense. Any Class Member who participates in the settlement but who fails to submit timely written objections in the manner specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

14. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of Class Members' objections to the Settlement Agreement, in accordance with the due process rights of all Class Members.

15. Pending the Fairness Hearing, all proceedings in these actions, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

16. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

17. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins all Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding claims released by the Settlement unless and until such Class Members have submitted valid Requests for Exclusion with the Settlement Administrator and the time for submitting rescissions of valid Requests for Exclusion with the Settlement Administrator has elapsed.

18. The Court orders the following Implementation Schedule for further proceedings:

| Event | Deadline (Timing) |
|---|---|
| Deadline for Defendant to supply Class List to CPT Group, Inc. | _____, 2018 (5 days from grant of preliminary approval) |

| | |
|---|---|
| Deadline for CPT Group, Inc. to Mail Notice Packets to the Class ("Notice Date") | _____, 2018<br>(10 days from receipt of Class List) |
| Deadline for Class Members to postmark Requests for Exclusion, Objections, and Disputes of Qualifying Work Weeks | _____, 2018<br>(45 days from Notice Date—date Notice Packets are mailed (i.e. Response Deadline)) |
| Extended Deadline for Class Members with re-mailed Notice Packets to postmark Requests for Exclusion, Objections, and Disputes of Qualifying Work Weeks | _____, 2018<br>(15 days from initial 45-day Response Deadline) |
| Deadline for CPT Group, Inc. to provide Declaration to Class Counsel regarding compliance with settlement administration procedures and costs | _____, 2018<br>(10 days prior to deadline for Co-Class Counsel to file Motion for Final Approval) |
| Deadline for Co-Class Counsel to file (1) Responses to Class Members' Objections, if any, and (2) Motion for Final Approval; Awards of Attorneys' Fees, Request for Reimbursement of Costs; Class Representatives' Enhancements; and Settlement Administrator's Costs | _____, 2018 |
| Fairness Hearing and Final Approval | _____, 2018 at 9:30 a.m. |

18. The Fairness Hearing and related prior deadlines set forth above may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections), be continued or adjourned by Order of the Court.

**IT IS SO ORDERED.**

Dated: _____   _____
Honorable Dale A. Drozd
Judge of the United States District Court for the Eastern District of California

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT