Exhibit 1

1  Brian S. Kabateck, SBN 152054
   bsk@kbklawyers.com
2  Shant A. Karnikian, SBN 285048
   sk@kbklawyers.com
3  Cheryl A. Kenner, SBN 305758
   ck@kbklawyers.com
4  **KABATECK BROWN KELLNER LLP**
   644 S. Figueroa Street
5  Los Angeles, CA 90017
   Tel.: (213) 217-5000
   Fax: (213) 217-5010
6
7  Nicholas J.P. Wagner, SBN 109455
   Andrew B. Jones, SBN 076915
8  Daniel M. Kopfman, SBN 192191
   Lawrence M. Artenian, SBN 103367
9  Angela E. Martinez, SBN 297169
   **WAGNER, JONES, KOPFMAN,**
   **& ARTENIAN LLP**
10 1111 E. Herndon, Ste. 317
   Fresno, CA 93720
11 Tel.: (559) 449-1800
   Fax: (559) 449-0749
12
13 Attorneys for Plaintiffs, JASBIR SINGH, BANY LOPEZ, JULIO VIDRIO, JAMES SLIGER,
   DERRICK LEWIS, JERRY LEININGER, KRISTOPHER SPRING, JERRY WOOD, CAPELLI
   BURLESS, ROBERT HASKINS, DOUGLAS LUIS, NICHOLAS RICH, and LATRINA PHILLIPS
14
15 [Additional Counsel listed on next pages]

16              **UNITED STATES DISTRICT COURT**

17             **EASTERN DISTRICT OF CALIFORNIA**

18

19 JABIR SINGH, et al.,                    Lead Case No.: 1:15-cv-01497-DAD-BAM

20          Plaintiffs,
                                           **STIPULATION OF CLASS ACTION**
21      v.                                 **SETTLEMENT AND RELEASE OF CLAIMS**

22 ROADRUNNER INTERMODAL SERVICES,
   LLC; CENTRAL CAL TRANSPORTATION,
   LLC; and MORGAN SOUTHERN, INC.,
23
          Defendants.
24

25 NICHOLAS E. RICH, an individual, on behalf    Member Case No. 1:16-cv-01900-DAD-BAM
   of himself and all others similarly situated,
26
          Plaintiffs,
27
        v.
28
   ROADRUNNER INTERMODAL SERVICES,

1   LLC; CENTRAL CAL TRANSPORTATION,
    LLC; MORGAN SOUTHERN, INC.; and
2   DOES 1 through 50, inclusive,

3              Defendants.

4   _____

    LATRINA PHILLIPS,                        Case No. 1:17-cv-00164-DAD-BAM
5
               Plaintiff,
6
          v.
7
    ROADRUNNER INTERMODAL SERVICES,
8   LLC; and MORGAN SOUTHERN, INC.,

9              Defendants.

10  _____

11  Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
12  Megan E. Ross (SBN 227776)
    mross@scopelitis.com
13  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 560
14  Pasadena, California 91101
    Tel: (626) 795-4700; Fax: (626) 795-4790
15
    Adam C. Smedstad (SBN 303591)
16  asmedstad@scopelitis.com
    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
17  30 West Monroe Street, Suite 600
    Chicago, Illinois 60603
18  Tel: (312) 255-7200; Fax: (312) 422-1224

19  James H. Hanson (*Pro Hac Vice*)
    jhanson@scopelitis.com
20  A. Jack Finklea (*Pro Hac Vice*)
    jfinklea@scopelitis.com
21  Alaina C. Hawley (SBN 309191)
    ahawley@scopelitis.com
22  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
    10 West Market Street, Suite 1400
23  Indianapolis, Indiana 46204
    Tel: (317) 687-1777; Fax: (317) 687-2414
24
    Attorneys for Defendants, ROADRUNNER INTERMODAL SERVICES, LLC, CENTRAL CAL
25  TRANSPORTATION, LLC. and MORGAN SOUTHERN, INC.

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**RECITALS**

A.     This Stipulation of Class Action Settlement and Release of Claims (the "Settlement Agreement") is to consummate the settlement of two consolidated and one related class action lawsuits, including a representative action, on a classwide basis and is made in compromise of disputed claims.  This Settlement Agreement is entered into by Named Plaintiffs JASBIR SINGH, BANY LOPEZ, JULIO VIDRIO, JAMES SLIGER, DERRICK LEWIS, JERRY LEININGER, KRISTOPHER SPRING, JERRY WOOD, CAPELLI BURLESS, ROBERT HASKINS, DOUGLAS LUIS, PAUL BONNER, CHRISTOPHER CROSS, LEO LEWIS, RICHARD LOVE, WILFRED MCGIRT, NICHOLAS RICH, and LATRINA PHILLIPS ("Named Plaintiffs"); Defendants ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; AND MORGAN SOUTHERN, INC. (collectively, "Defendants") (collectively with Named Plaintiffs, the "Parties").

B.     On February 9, 2015, the *Jasbir Singh, et al. v. Roadrunner Intermodal Services, LLC; et al.,* class action was filed on behalf of all, similarly situated current and former truck drivers employed by ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; AND MORGAN SOUTHERN, INC.  ("Defendants") in the Superior Court of California, County of San Francisco, Case No. CGC-15-544563 (the "*Singh* Action").  On April 15, 2015, Defendants removed the Action to the United States District Court, Northern District of California.  Dkt. No. 1.  On October 2, 2015, the Action was transferred to the United States District Court, Eastern District of California (Sacramento).  Dkt. No. 30.  On February 18, 2016, the Action was reassigned to Hon. Judge Dale A. Drozd sitting in the United States District Court, Eastern District of California (Fresno).  Dkt. No. 42.

C.     On September 18, 2015, the *Nicholas E. Rich, et al. v. Roadrunner Intermodal Services, LLC; et al.,* class action was filed in the United States District Court, Central District of California, Case No. 2:15-cv-07330-DMG-JPR (the "*Rich* Action").

D.     On December 22, 2016, Hon. Judge Dolly M. Gee, under the first-to-file rule, transferred the *Rich* Action to the United States District Court for the Eastern District California.  Dkt. No. 60.

E.	On January 8, 2016, the *Latrina Phillips v. Roadrunner Intermodal Services, LLC; et al.,* class action was filed in the United States District Court, Central District of California, Case No. 1:17-cv-00164-LJO-SAB (the "*Phillips* Action").

F.	On February 9, 2017, the Hon. Judge Dale A. Drozd, ordered the *Singh* Action*, Rich* Action, and *Phillips* Action related to promote efficiency and economy for the court and parties. Dkt. No. 65.  On March 28, 2017, Hon. Judge Drozd ordered the *Singh* Action and the *Rich* Action, consolidated.  Dkt. No. 78.

G.	The Parties have engaged in significant written discovery, including exchanging initial disclosures pursuant to Fed. R. Civ. Pro. 26.  Furthermore, the Parties have served and responded to special interrogatories, requests for production of documents, and admission requests. Defendants noticed and took the deposition of each of the Named Plaintiffs and Plaintiffs noticed and took several Fed. R. Civ. Pro. 30(b)(6) depositions as well as depositions of Defendants' terminal managers, directors of safety, dispatchers, and former Chief Financial Officer.

H.	The Parties enter into this Settlement Agreement on a conditional basis.  In the event the Court does not enter an Order Granting Final Approval, or in the event that such Order Granting Final Approval does not become final for any reason, or in the event that the Effective Settlement Date, as defined herein, does not occur, this Settlement Agreement will be deemed null and void *ab initio*, and will be of no force or effect, and will not be referred to or utilized for any purpose.

I.	Defendants deny all of the Class Representatives' claims as to liability and damages, and do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations upon all legal, procedural and factual grounds should this Settlement Agreement not become final. This Settlement Agreement reflects a compromise reached to end litigation.  Defendants' signing of this Agreement will not be deemed to be an admission of any wrongdoing or unlawful action by in the pending consolidated Class Action or in any other matter.

J.	The Parties participated in three separate mediations before reaching the settlement described herein.  Plaintiffs and their counsel in the *Singh* Action and the *Rich* Action and Defendants participated in the first mediation on July 12, 2016 with the Hon. Peter D. Lichtman (Ret.).  The same Parties participated in a second mediation on September 14, 2016 again with the

- 4 -

Hon. Peter D. Lichtman (Ret.).  The first and second mediations did not result in a resolution of the Actions.  On January 31, 2018, counsel in the *Singh* Action, *Rich* Action, *Phillips* Action, and the Defendants participated in a third mediation with well-respected and experienced mediator, Mark S. Rudy.  The mediation ended with Mr. Rudy's mediator's proposal, which the Parties accepted on February 14, 2018.  Thereafter, the Parties executed a Memorandum of Understanding.

K.      Plaintiffs' Counsel has conducted a thorough investigation into the facts of the Lawsuit, including formal and informal exchange of information and review of comprehensive files and records.  Co-Class Counsel are knowledgeable about and have done extensive research with respect to the applicable law and potential defenses to the claims in the Lawsuit.  Co-Class Counsel have diligently pursued an investigation of the Class Members' claims against Defendants.  Based on the documents and information provided by Defendant, and their own independent investigation and evaluation, Co-Class Counsel are of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Stipulation and Agreement for Class Action Settlement is fair, reasonable, and adequate, and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by the Defendants, and numerous potential appellate issues.  Defendants and their respective counsel agree that the settlement is fair, reasonable and adequate.

L.      The Parties stipulate and agree to the following terms of this Settlement Agreement with the intent that this Agreement fully and finally dispose of the Class Action:

## STIPULATION AND AGREEMENT

**I.      DEFINITIONS**

A.      The terms "**Agreement**," "**Settlement Agreement**," and "**Settlement**" mean the final, operative version of this fully executed Stipulation of Class Action Settlement, which the Parties acknowledge sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.

B.       "**Class Action**" means and refers to the consolidated and related Class Action lawsuits cited herein above.  Specifically, the *Singh* Action, Case No. 1:15-cv-01497-DAD-BAM, the

1  *Rich* Action, Case No. 1:16-cv-01900-DAD-BAM, and the *Phillips* Action, Case No. 1:17-cv-00164-

2  DAD-BAM.

3  C.  "**Co-Class Counsel**" means Daniel M. Kopfman and Lawrence M. Artenian of

4  WAGNER JONES KOPFMAN & ARTENIAN LLP and Brian S. Kabateck and Cheryl A. Kenner of

5  KABATECK BROWN KELLNER LLP.

6  D.  "**Class Definition**" means all current and former California residents who worked for

7  the Defendants in the position of Owner-Operator and/or Independent Contractor Truck Driver at any

8  time during the Class Period.

9  E.  "**Class List**" means the list of names, last known residential addresses, and social

10  security numbers of Class Members.  The Class List will indicate, for each Class Member, the

11  number of Qualifying Work Weeks worked in a Class Position during the Class Period.

12  F.  "**Class Member(s)**" and "**Class**" mean all persons engaged by Defendants in

13  California in a Class Position at any time during the Class Period.

14  G.  "**Class Period**" means February 9, 2011 through April 15, 2018 or the date of

15  preliminary approval of the settlement terms is granted, whichever is sooner.

16  H.  "**Class Position**" means any person who was engaged by the Defendants in California

17  to perform services as an Owner-Operator and/or Independent Contractor Truck Driver for

18  Defendants during the Class Period.

19  I.  "**Class Representatives**" and "**Named Plaintiffs**" mean and refer to JASBIR

20  SINGH, BANY LOPEZ, JULIO VIDRIO, JAMES SLIGER, DERRICK LEWIS, JERRY

21  LEININGER, KRISTOPHER SPRING, JERRY WOOD, CAPELLI BURLESS, ROBERT

22  HASKINS, and DOUGLAS LUIS, who are all Named Plaintiffs in the *Singh* Action; PAUL

23  BONNER, CHRISTOPHER CROSS, LEO LEWIS, RICHARD LOVE, WILFRED MCGIRT, and

24  NICHOLAS RICH, who are the Named Plaintiffs in the *Rich* Action; and LATRINA PHILLIPS, who

25  is the Named Plaintiff in the *Phillips* Action.

26  J.  "**Court**" means the United States District Court, Eastern District of California

27  (Fresno).

28  K.  "**Defense Counsel**" means James H. Hanson, Christopher C. McNatt, Jr, and Adam

- 6 -

1  C. Smedstad. of SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

2       L.       "**Effective Settlement Date**" shall be the date when all of the following events have

3  occurred: (a) this Stipulation has been executed by the Parties, Co-Class Counsel and Defendants'

4  Counsel; (b) the Court has issued an order granting preliminary approval of the Settlement; (c) notice

5  has been given to the Class Members providing them with an opportunity to participate, object, or opt

6  out of the Settlement; (d) the Court has held a Final Fairness and Approval hearing to determine the

7  fairness, adequacy, and reasonableness of the settlement and has entered a final order and judgment

8  approving this Stipulation; and (e) in the event there are written objections filed prior to the Final

9  Fairness and Approval Hearing that are not later withdrawn, the later of the following events: (i)

10 when the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has

11 elapsed without any appeal, writ, or other appellate proceeding having been filed; or any appeal, writ,

12 or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively

13 with no right to pursue further remedies or relief or (ii) any appeal, writ, or other appellate proceeding

14 has upheld the Court's final order with no right to pursue further remedies or relief.  In this regard, it

15 is the intention of the Parties that the Settlement shall not become effective until the Court's order

16 approving the Settlement is completely final and there is no further recourse by an appellant or

17 objector who seeks to contest the Settlement.  In the event that no written objections are filed prior to

18 the Final Fairness and Approval hearing, the Effective Date shall be upon the completion of all steps

19 (a) through (d) above.

20       M.       "**Enhancement**" and "**Enhancement Payment**" mean the portion of the Gross

21 Settlement Amount paid to the Named Plaintiffs for their service in connection with being Class

22 Representatives.  These Enhancement Payments shall be in addition to the Individual Settlement

23 Amounts that each Named Plaintiff shall receive as Participating Class Members.

24       N.       "**Final Fairness and Approval Hearing**" means a hearing set by the Court, pursuant

25 to class action procedures and requirements, for the purpose of determining the fairness, adequacy

26 and reasonableness of this Settlement.

27       O.       "**Gross Settlement Amount**" and "**GSA**" mean Nine Million, Two Hundred Fifty

28 Thousand Dollars ($9,250,000.00), which will be all-inclusive, including Individual Settlement

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  Payments to all Participating Class Members, Enhancement Payments to the Named Plaintiffs,

2  Settlement Administrator Costs, Co-Class Counsels' attorneys' fees and costs related to the Class

3  Action as awarded by the Court, civil penalties recoverable under the California Labor Code Private

4  Attorneys General Act, and any employer-side payroll taxes.  This Settlement is a non-claims made

5  and non-reversionary settlement.

6     P.  "**Individual Settlement Amount"** and **"Individual Settlement Payment**" mean the

7  gross amount to be paid to each Class Member who does not timely opt out of this Settlement.

8     Q.  "**Non-Reversionary Settlement Fund**" and "**Net Settlement Amount**" mean the

9  portion of the Gross Settlement Amount remaining after deduction of Court-awarded attorneys' fees

10  and costs, Class Representative Enhancement Payments, Settlement Administrator's costs, California

11  Private Attorneys General Act ("PAGA") penalties and any employer-side payroll taxes.  The Net

12  Settlement Amount shall be used to determine the Individual Settlement Payments to Participating

13  Class Members.

14     R.  "**Notice of Class Action**" and "**Class Notice**" mean a notice entitled "Notice of Class

15  Action Settlement" in the form substantially similar to that attached hereto as **Exhibit A**.

16     S.  "**Notice of Estimated Individual Settlement Payment**" and "**Individual Notice**"

17  mean a notice entitled "Notice of Estimated Individual Settlement Payment" in the form substantially

18  similar to that attached hereto as **Exhibit B**.

19     T.  "**Notice Packet(s)**" means and refers to the Notice of Class Action and Notice of

20  Estimated Individual Settlement Payment, collectively.

21     U.  "**Objection/Exclusion Deadline Date**" or "**Response Deadline**" means and refers to

22  the final date upon which Class Members may mail Requests for Exclusion to the Settlement

23  Administrator; mail Objections to the Settlement to the Settlement Administrator; and mail Disputes

24  to the number of Qualifying Work Weeks to the Settlement Administrator.  The Objection/Exclusion

25  Deadline Date shall be no later than forty-five (45) calendar days after the date the Settlement

26  Administrator mails the Notice Packets, unless the forty-fifth (45th) calendar day falls on a Sunday or

27  State holiday, in which case the Response Deadline will be extended to the next day on which the

28  U.S. Postal Service is open.  However, in the event the Settlement Administrator re-mails a Notice

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Packet to a Class Member, that Class Member's Objection/Exclusion Deadline Date shall be extended by fifteen (15) calendar days from the date the Settlement Administrator initially mails the Notice Packets, unless the fifteenth (15th) calendar day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

V.     "**Order Granting Final Approval**" and "**Judgment**" mean an order and judgment executed, filed, and entered by the Court granting final approval to the Settlement.

W.     "**Order Granting Preliminary Approval**" means an order executed, filed, and entered by the Court granting preliminary approval to the Settlement.

X.     "**Participating Class Member(s)**" means any Class Member who does not opt out of the Settlement by submitting a valid and timely Request for Exclusion, as provided in Section IV.F below.

Y.     "**Payment Dates**" Seven (7) calendar days after the Effective Settlement Date, as defined in Paragraph 5 above, but in no event earlier than October 1, 2018, Defendants shall deposit $3,000,000, into a Qualified Settlement Fund (QSF) to be established by the Settlement Administrator.  Thirty (30) calendar days after the Effective Settlement Date (i.e. 23 days after the first payment) Defendants shall deposit an additional $3,000,000 into the QSF established by the Settlement Administrator.  Forty-Five (45) days after the Effective Settlement Date (i.e. 15 days after the second payment), Defendants shall deposit the final $3,250,000 into the QSF established by the Settlement Administrator.  The Settlement Administrator shall distribute the Gross Settlement Amount in the manner approved by the Court within seven calendar (7) calendar days of the final deposit into the QSF.

Z.     "**Preliminary Approval Date**" means the date upon which the Court executes, files, and enters the Order Granting Preliminary Approval.

AA.     "**Qualifying Work Weeks**" and "**Qualifying Weeks Worked**" means the total number of work weeks during which a Class Member was engaged by the Defendants in a Class Position at any time during the Class Period.  Any work week in which a Class Member worked at least one day shall be counted as a Qualifying Work Week.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

BB.    "**Released Claims By Participating Class Members**" means all known and unknown claims, losses, damages, liquidated damages, demands, penalties, interest, liabilities, causes of action, complaints or suits, at law or in equity, which arise from or are directly related to the facts asserted in the *Singh* Action*, Rich* Action, and *Phillips* Action, including, claims for unreimbursed business expenses and unlawful deductions, unpaid wages or overtime, "off-the-clock" work and premium wages for alleged meal and/or rest period violations, failure to timely pay wages upon termination, claims made under California Labor Code sections 201, 202, 203, 221, 226, 226.3, 226.7, 226.8, 510, 512, 1194, 1194.2, 1197, 2802, all similar provisions or requirements of the California Industrial Welfare Commission Wage Order 9-2001 and California Business and Professions Code sections 17200, *et seq.*, or any other federal, state, or local law, which the Class and/or any Class Member has ever had, or hereafter may claim to have, for the Class Period, except for claims brought under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* and claims for workman's compensation.

CC.    "**Released Claims by Defendants**" means and includes any and all known and unknown claims, rights, losses, damages, interest, issues of liability, causes of action, suits or complaints at law and/or at equity any of the Released Parties may have against any Class Member that arise out of the contracts for hire; including, but not limited the Equipment Lease Agreements, Independent Contractor Line Haul Agreements, Independent Contractor Agreements, or third party lease agreements to which any of the Released Parties are guarantors from the beginning of time through the Effective Settlement Date.  By way of this Settlement, Defendants agree to cease and desist any all collection efforts currently pending against any Participating Class Member from the beginning of time through the Effective Settlement Date.

DD.    "**Released Parties**" means Defendants and their respective parents, subsidiaries and affiliates, assigns, officers, directors, agents, employees, shareholders, insurance companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises, beneficiaries, grantees, transferees, or representatives.  The term "Released Parties" also means the Class Representatives and all Class Members who do not opt-out of this settlement and release.

EE.    "**Request for Exclusion**" means a Class Member's signed, written request to be

1  excluded or to "opt-out" of the Settlement, as provided in Section IV.F. below.

2        FF.    "**Settlement Administrator**" means CPT Group., Inc.

3        GG.    "**Settlement Administrator Costs**" the Settlement Administrator's costs shall

4  include all costs of administration, tax reporting and providing notice of entry of judgment.  The

5  Settlement Administrator's costs shall be based upon the number of putative class members, the form

6  of Notice approved by the Court, and the terms of this Settlement Agreement.

7  **II.**    **SETTLEMENT AMOUNTS**

8      **A.**    **Gross Settlement Amount**

9        The Gross Settlement Amount of Nine Million, Two Hundred and Fifty Thousand Dollars

10  ($9,250,000.00) shall be allocated to payment of:  (1) Individual Settlement Payments to

11  Participating Class Members; (2)  Class Representative Enhancement Payments of up to a Seven

12  Thousand Five Hundred ($7,500.00) for each Named Plaintiff; (3) payment of Co-Class Counsels'

13  of attorney fees totaling one-third (1/3) of the Gross Settlement Amount or Three Million Eighty

14  Three Thousand Three Hundred and Thirty Three dollars and Thirty Three Cents ($3,083,333.33)

15  and costs up to a collective total of Ninety Thousand Dollars ($90,000); (4) the reasonable fees and

16  expenses of the Settlement Administrator of up to Twelve Thousand Dollars ($12,000); employer

17  side payroll taxes, if any; and civil penalties recoverable under California Private Attorneys General

18  Act (PAGA) in the amount of One Hundred Thousand Dollars ($100,000) will be allocated to civil

19  penalties under PAGA, of which 75 percent (75%) or Seventy-Five Thousand Dollars ($75,000) will

20  be paid to the California Labor and Workforce Development Agency and 25 percent (25%) or

21  Twenty-Five Thousand Dollars ($25,000) shall remain in the Net Settlement Amount for the Class.

22  The Net Settlement Amount shall be paid to Individual Settlement Payments to Participating Class

23  Members on a non-claims made basis.

24        Pursuant to the informal exchange of information for the January 31, 2018 mediation and

25  upon which this decision to enter into this settlement, the Class List shall not include more than 796

26  Class Members and no more than 41,846 Qualifying Work Weeks.

27      1.    The Individual Settlement Payments paid from the Net Settlement Amount to

28  Participating Class Members will be determined as follows:  Each Class Member who does not opt

out shall receive a pro rata share of the net settlement amount.  Pro rata shares shall be determined by, first, determining the value of a single Qualifying Work Week by dividing the Net Settlement Amount by the total number of Qualifying Work Weeks.  Then, Individual Settlement Payments will be determined by multiplying the value of a single Qualifying Work Week by the number of the total Qualifying Work Weeks worked by each Participating Class Member during the Class Period.  The Qualifying Work Weeks shall include only those weeks actually worked by Participating Class Members and will not include any period of vacations or leave of absence of greater than one week. If a Participating Class Member worked any day during a workweek, it will be counted as a Qualifying Work Week for purposes of calculating the Individual Settlement Payment.

2.      The Individual Settlement Payments are payments for all Released Claims.  Thirty-three and one-third percent (33 1/3%) of the Individual Settlement Payments paid to each Participating Class Member will be allocated to their respective unreimbursed expenses, which will not be subject to withholding.  Sixty-six and two-thirds percent (66 2/3%) of the Individual Settlement Payments paid to each participating Class Member will be allocated to penalties and interest and will not be subject to withholding.  The Settlement Administrator shall be responsible for issuing and providing Form 1099s to Participating Class Members for their Individual Settlement Payments.  Accordingly, Defendant will not owe any payroll taxes under this Settlement, however, any tax obligations the Court may find must be paid from the Net Settlement Amount.  Unless otherwise set forth herein, each Participating Class Member, Co-Class Counsel, and Class Representative payment recipient will be responsible for payment of their own tax obligations, if any.  Class Members who may have questions about their tax liability, if any, should consult independent tax counsel.

3.      The settlement is a non-reversionary cash settlement.  Any Individual Settlement Payment checks and/or any unclaimed portion of the amount of the Non-Reversionary Settlement Fund allocated to pay Participating Class Members shall be paid to the State of California, State Controller's Office's, Unclaimed Property Division, in the name(s) of the corresponding Class Member(s), which shall remain available for those Participating Class Members to claim thereafter.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**B.**     **Class Representatives' Enhancements**

1.     Co-Class Counsel will submit an application to the Court for an award of an Individual Enhancement to each of the Named Plaintiffs in an amount not to exceed Seven Thousand Five Hundred Dollars ($7,500).

2.     Said application will be set for hearing concurrently with the Parties' Joint Motion for Final Approval.  The Enhancement Payments are for the purpose of compensating the Named Plaintiffs for their service to the Class, the risks taken in connection with being Class Representatives and Named Plaintiffs, and their agreement to enter into a complete release of all claims.

3.     Defendants and their counsel will not object to a request for approval of such Enhancements Payments, provided the request does not exceed $7,500 for Named Plaintiff.  Any portion of the Enhancements not approved by the Court will remain in the Non-Reversionary Settlement Fund to be distributed to Participating Class Members.

4.     The Court-awarded Enhancement Payments are in addition to the Individual Settlement Payments allocated to the Class Representatives as Participating Class Members under this Settlement.

5.     Any Court-awarded Enhancement Payments will not be treated as wages.  The Class Representatives will receive an individual Form 1099 relating to such payment.  The Class Representatives will be solely liable for and pay any and all taxes, costs, interest, assessments, penalties, or damages by reason of payment of their enhancements.

6.     Provided the Court awards any Enhancement to the Class Representatives, the Settlement Administrator will mail a check for the full amount the Court awards to each Class Representative within seven (7) calendar days after Defendants fund the Gross Settlement Amount.

**C.**     **PAGA – California Labor Code Private Attorneys General Act**

The Parties agree that One Hundred Thousand Dollars ($100,000) will be allocated to civil penalties recoverable under PAGA, of which 75 percent (75%)—Seventy-Five Thousand Dollars ($75,000)—will be paid to the Labor Workforce and Development Agency and 25 percent (25%)—Twenty-Five Thousand Dollars ($25,000)—will be included in the Net Settlement Amount to be

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1    distributed among Participating Class Members.

2          **D.      Co-Class Counsels' Attorneys' Fees and Costs**

3          In the final approval motion, Co-Class Counsel will file a joint motion requesting that the

4    Court award attorneys' fees in an amount not to exceed one-third (1/3) of the Gross Settlement

5    Amount or Three Million Eighty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-

6    Three Cents ($3,083,333.33).  The attorneys' fees awarded by the Court shall be divided equally

7    between WAGNER JONES KOPFMAN & ARTENIAN LLP ("WJKA") and KABATECK

8    BROWN KELLNER LLP ("KBK").  The equal division of attorneys' fees between WJKA and

9    KBK, if awarded by the Court, shall be preserved even if the amount of court-awarded attorneys'

10   fees amounts to less than one-third (1/3) of the Gross Settlement Amount.  Co-Class Counsels' joint

11   application for an award for attorneys' fees shall reflect this equal division.  In addition to an award

12   of attorneys' fees, Co-Class Counsel will request in their joint final approval motion that the Court

13   award reasonable costs incurred, as proven, not to exceed a collective total of Ninety Thousand

14   Dollars ($90,000).  Such application will be set for hearing concurrently with the Parties' Motion for

15   Final Approval.

16          1.      Defendants and their counsel will not object to Co-Class Counsels' application or

17   applications for an award of attorneys' fees and costs.  Any amount for attorneys' fees and/or costs

18   not approved by the Court will be included in the Net Settlement Amount and distributed to

19   Participating Class Members.

20          2.      As a condition of this Settlement Agreement, Co-Class Counsel agree to pursue their

21   attorneys' fees and costs only in the amount reflected herein.

22          3.      Provided the Court awards attorneys' fees and costs to Co-Class Counsel, the

23   Settlement Administrator will pay to Co-Class Counsel for the full amounts of their respective

24   Court-awarded attorneys' fees and costs within seven (7) calendar days after Defendants fund the

25   Gross Settlement Amount.

26          **E.      Costs of Settlement Administration**

27          The Settlement Administrator Costs for the full administration of this Settlement are

28   estimated to not exceed Twelve Thousand Dollars ($12,000).  The Settlement Administrator Costs

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

shall not exceed Twelve Thousand Dollars ($12,000) without court approval.  Any Settlement Administrator Costs not approved by the Court will remain part of the Net Settlement Amount to be distributed among Participating Class Members.

**III.    RELEASES BY PARTICIPATING CLASS MEMBERS AND NAMED PLAINTIFFS**

**A.    Terms of Release by Participating Class Members**

In exchange for the consideration recited in this Settlement Agreement, all Participating Class Members, on behalf of themselves and on behalf of their current, former, and future heirs, executors, administrators, attorneys, agents, and assigns, do hereby and forever release, waive, acquit and discharge Defendants and their respective parents, subsidiaries and affiliates, assigns, officers, directors, agents, employees, shareholders, insurance companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises, beneficiaries, grantees, transferees, or representatives from the Released Claims by Participating Class Members from the beginning of time through the Effective Settlement Date.

**B.    Terms of Released Claims by Defendants**

In exchange for the consideration recited in this settlement agreement Defendants and their respective parents, subsidiaries and affiliates, assigns, officers, directors, agents, employees, shareholders, insurance companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises, beneficiaries, grantees, transferees, or representatives do hereby and forever release, waive, and acquit and discharge all Class Representatives and Class Members who do not opt-out of this settlement and release from the Released Claims by Defendants from the beginning of time through the Effective Settlement Date.

**C.    Promise Not to Sue for Released Claims**

The Participating Class Members are deemed by operation of the Order Granting Final Approval to have agreed not to sue or otherwise make a claim against any of the Released Parties for any Released Claims.

**D.    Terms of General Release by Named Plaintiffs**

As a material inducement to Defendant to enter into this Agreement, the Named Plaintiffs do hereby, for themselves and their spouses, heirs, successors, and assigns, forever release the Released

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements,

2  controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and

3  expenses (including back wages, penalties, liquidated damages, and attorneys' fees and costs

4  actually incurred) of any nature whatsoever, from the beginning of time through the Effective

5  Settlement Date, known or unknown, suspected or unsuspected, including but not limited to all

6  claims arising out of, based upon, or relating to their relationship with Defendant or the

7  remuneration for, or, as applicable, termination of, such relationship.  Without limiting the generality

8  of the foregoing, Named Plaintiffs expressly release all claims or rights arising out of alleged

9  violations of any contracts, express or implied (including but not limited to any contract of

10 employment); any contract or covenant of good faith or fair dealing (express or implied); any tort,

11 including negligence, fraud, misrepresentation under California Labor Code section 970, negligent

12 infliction of emotional distress, intentional infliction of emotional distress, and defamation; any

13 "wrongful discharge," "constructive discharge," and "retaliation" claims; any claims relating to any

14 breach of public policy; any legal restrictions on Defendants' right to discharge employees or refuse

15 to hire applicants; and any federal, state, or other governmental statute, regulation, or ordinance,

16 including, without limitation: (1) Title VII of the Civil Rights Act of 1964 (race, color, religion, sex,

17 and national origin discrimination or harassment, including retaliation for reporting discrimination or

18 harassment); (2) 42 U.S.C. § 1981 (discrimination); (3) sections 503 and 504 of the Rehabilitation

19 Act of 1973 (handicap discrimination); (4) California Family Rights Act, Cal. Gov't Code § 12945.1

20 *et seq.* (family/medical leave); (5) Americans with Disabilities Act, 42 U.S.C. § 12100 *et seq.*

21 (disability discrimination); (6) Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

22 (family/medical leave); (7) California Fair Employment and Housing Act, Cal. Gov't Code § 12900

23 *et seq.* (discrimination or harassment in employment and/or housing, including discrimination or

24 harassment based on race, religious creed, color, national origin, ancestry, disability, medical

25 condition, genetic information, marital status, sex (including pregnancy and related conditions),

26 sexual orientation, gender, gender identity, gender expression, military and veteran status, or age,

27 including retaliation for reporting discrimination or harassment); (8) California Labor Code or any

28 Industrial Welfare Commission Wage Order; (9) Executive Orders 11246 and 11141 (race, color,

religion, sex, age, and national origin discrimination or harassment); and (10) Executive Order

11141 (age discrimination); but excluding all claims brought under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* and claims for workman's compensation.

    **E.**    <u>Section 1542 Waiver by Named Plaintiffs</u>

    The Named Plaintiffs hereby expressly waive all rights and benefits afforded by Section

1542 of the California Civil Code as to any claims they do not know or suspect to exist in their favor

against any of the Released Parties and do so understanding the significance of that waiver.  Section

1542 provides:

> **"A general release does not extend to claims which the**
>
> **creditor does not know or suspect to exist in his or her favor at the**
>
> **time of executing the release, which if known by him or her must**
>
> **have materially affected his or her settlement with the debtor."**

    **F.**    <u>Claims by Participating Class Members Based on Stipulation and Agreement</u>

    In addition to the terms of the Releases outlined above, no Party, Participating Class

Member, or Class Representative, will have any claim against any of the Released Parties,

Defendants' attorneys of record, the Named Plaintiffs, any other Class Member, or Co-Class

Counsel based on errors in administrating claims or performing the mailing and skip-tracing

requirements of the Settlement Administrator under this Agreement.

**IV.**    **SETTLEMENT APPROVAL, CLAIMS, AND PAYMENT PROCEDURES**

    **A.**    <u>Request for Preliminary and Final Approval</u>

    The Parties will cooperate fully in requesting preliminary and final approval of this

Settlement Agreement by the Court, including determination by the Court that this Settlement is fair,

reasonable, and adequate.  The Parties will also cooperate fully in promptly requesting that, as

provided for in this Settlement Agreement, the Court approve the proposed forms of notices, orders,

and other documents necessary to implement this Settlement.

    **B.**    <u>Class Certification of the Settlement</u>

    The Parties stipulate that a class may be certified as to all causes of action pled in the

respective Plaintiffs' operative complaints for purposes of settlement.   The Parties agree that

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

certification for settlement purposes as set forth herein is in no way an admission that class certification is proper for litigation purposes.  If the Settlement does not become Final, the Parties' stipulation to class certification as to all causes of action as part of the Settlement shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

### C.   Class List to Be Provided by Defendant to the Settlement Administrator

Defendants shall provide a Class List to the Settlement Administrator and Co-Class Counsel within five (5) days after entry and service of an Order Granting Preliminary Approval regarding this Settlement.  The Class List will identify each Class Member, his or her social security number and last known home address.  The Class List will also contain the number of weeks worked in the Class Position credited to each Class Member for purposes of the Settlement Administrator calculating the Individual Settlement Payments.  The Class List shall be marked "Confidential – Attorney's and Settlement Administrator's Eyes Only."  Co-Class Counsel represents, warrants, covenants and agrees that (a) Co-Class Counsel shall hold the Database, including any copies thereof, in strictest confidence and shall not disclose or divulge its contents to any Class Member, including the Named Plaintiffs, or to any third party; (b) the Class List shall be kept in secure facilities; and (c) the contents of the Class List shall be used exclusively for administration of the Settlement pursuant to this Stipulation and for no other purpose, including, but not limited to, fact-gathering, or discovery. This provision does not preclude Co-Class Counsel from speaking with class members about the terms of this settlement once Plaintiffs' Motion for Preliminary Approval is filed with the court; or earlier with those class members with whom they have contact.

### D.   Notice of Class Action

1.   The Notice of Class Action and the Notice of Estimated Individual Settlement Payment are attached hereto as **Exhibits A** and **B**, respectively (collectively, the "Notice Packet").

2.   Within ten (10) days after the Settlement Administrator receives the Class List from Defendant, the Settlement Administrator will first update all addresses using the National Change of Address System (NCOA) and then mail to all Class Members, via first-class United States Mail, the following documents:  (a) Notice of Class Action, **Exhibit A**; and (b) Notice of Estimated Individual

Settlement Payment, **Exhibit B**.  The envelope in which the Notice Packet is mailed will clearly state that it concerns a class action and the recipient could be entitled to a cash payment.

3.      In the event of returned or non-deliverable Notice Packets, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the Notice Packet. In the event that Notice Packets are returned to sender or returned as not deliverable, the Settlement Administrator will make reasonable efforts to locate the respective Class Members through skip-tracing services offered by publicly available databases, and will re-send the Notice Packets to the best available addresses of these Class Members after performing the skip-tracing.  It will be conclusively presumed that a Class Member's Notice Packet was received if the Notice Packet has not been returned within twenty (20) days of the original mailing of the Notice Packet to the Class Member.

4.      In order to object to the Settlement, a Class Member must not have excluded himself or herself from the Settlement, and must mail his or her objection to the Settlement Administrator no later than forty-five (45) calendar days after the date of the mailing or, if applicable, the extended date upon a re-mailing of the Notice Packet.

5.      In the event the procedures set forth herein are followed and the intended recipient of a Notice Packet still does not receive the Notice Packet, the intended recipient will be a Participating Class Member and will be bound by all terms of the Settlement and the Order Granting Final Approval entered by the Court.

6.      The Notice Packet will be mailed to that Class Member's last known address.  If the envelope containing the Notice Packet is returned to sender or returned as not deliverable, then the Settlement Administrator will run an updated NCOA search and re-mail the check.  In the instance that the Class Member's Notice Packet is re-mailed, that Class Member's Objection/Exclusion Deadline Date shall be recalculated so that Class Member shall have an additional fifteen (15) calendar days from the Response Deadline to opt out or object.

E.      **Dispute Resolution Regarding Qualifying Weeks Worked**

1.      Each Class Member will receive a Notice of Estimated Individual Settlement Payment, **Exhibit B**, which will specify the Qualifying Work Weeks for that Class Member in the

Class Position for which he or she is credited.

2.      Class Members will be entitled to dispute the number of Qualifying Work Weeks reported on the Notice of Estimated Individual Settlement Payment Form by sending written notice of their dispute to the Settlement Administrator by the Response Deadline.  To be considered, such written dispute must be:  (1) signed by the Class Member; (2) timely; and (3) accompanied with satisfactory evidence of the actual weeks worked during the Class Period in the Class Position.

3.      Class Members will have no more than forty-five (45) days after the date when the Notice Packet was mailed to Class Members by the Settlement Administrator to postmark or deliver to the Settlement Administrator his or her dispute concerning the weeks worked in the Class Position during the Class Period with satisfactory evidence to support his or her dispute.  Evidence of the dates of engagement with Defendant alone will not constitute satisfactory evidence if the Class Member has worked in jobs other than the Class Position.

4.      If any Class Member disagrees with Defendants' records as to number of Qualifying Weeks Worked as reflected on the Notice, the Class Member shall set forth the dates he or she claims to have worked in the Class Position during the Class Period and submit to the Settlement Administrator along with any supporting documentation.

5.      Within five (5) days of receiving a dispute concerning a Class Member's Qualifying Work Weeks, the Settlement Administrator shall review all documents received from the Class Member in support of the Class Member's dispute, and shall contact Defendant regarding the dispute and Defendants shall work in good faith to resolve it.  The Settlement Administrator shall inform Defendants' Counsel of its decision as to whether it accepts or rejects the dispute or whether it needs additional information from Defendant prior to rendering a decision within seven (7) days of contacting Defendant regarding the dispute.

6.      The Settlement Administrator shall be the final arbiter of the number of Qualifying Weeks Worked by the Class Member in the Class Position during the Class Period.  The Settlement Administrator shall resolve all disputes prior to the date upon which the Settlement Administrator must submit its Declaration to Counsel for Final Approval.

7.      Any changes to a Class Member's Qualifying Weeks Worked will be reflected in the

total weeks worked for the entire Class on the updated Class List.  For example, if Class Member A

disputes his Qualifying Weeks Worked and provides satisfactory evidence that his Qualifying Weeks

Worked should be increased by two (2) weeks, and the Settlement Administrator, in consultation

with Defendants and the records provided, agrees, the total Qualifying Weeks Worked for the entire

Class will also be increased by two (2) weeks for purposes of calculating Individual Settlement

Payments.

      **F.**     **Requests for Exclusion ("Opt Out")**

      The Notice of Class Action will notify all Class Members of their right to opt out of the

Settlement.

      1.     Any Class Member who wishes to be excluded from (opt out of) the Settlement must

submit a signed written Request for Exclusion, which must be mailed to the Settlement

Administrator on or before the Objection/Exclusion Deadline Date.  To be valid, the Request for

Exclusion must be both timely and complete.  To be complete, the Request for Exclusion must: (a)

include a written statement requesting exclusion from the Settlement as further detailed in the Class

Notice; (b) reference the name, current address and telephone number of the person requesting

exclusion; (c) be signed by the person requesting exclusion or by his or her authorized

representative; and (d) include the last four (4) digits of his or her social security number.  To be

timely, the Request for Exclusion must (a) be mailed to the Settlement Administrator and (b)

postmarked no later than the Objection/Exclusion Deadline.  The date of the postmark on the return

mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion

has been timely submitted.  The Objection/Exclusion Deadline Date shall be forty-five (45) days

after the date the Notice Packet is mailed (or re-mailed) by the Settlement Administrator to the Class

Member.

      2.     Any Class Member who mails a timely and valid Request for Exclusion will, upon

receipt thereof by the Settlement Administrator, no longer be a Participating Class Member, and will

receive no benefit from this Settlement, and none of his or her claims, causes of action or rights will

be released by virtue of this Settlement Agreement.  Any Individual Settlement Payment that would

have been paid to a Class Member but for that Class Member opting out of the Settlement will be

included in the Non-Reversionary Settlement Fund and distributed to Participating Class Members.

3.     Failure to submit a valid Request for Exclusion will result in a Class Member being conclusively deemed a Participating Class Member fully bound by the terms of the Settlement.

4.     If a Class Member submits a valid Request for Exclusion and thereafter wishes to participate in the Settlement, the Class Member may rescind his or her Request for Exclusion if and only if the Class Member submits a valid Rescission of Opt-Out Request.  To be valid, the Rescission of Opt-Out Request must be both timely and complete.  To be complete, the Rescission of Opt-Out Request must include all of the following: the Class Member's (a) full name, (b) current address, (c) current telephone number, (d) Social Security Number's last four digits, and (e) statement that he or she wishes to rescind his or her Request for Exclusion from the Settlement.  To be timely, the Rescission of Opt-Out Request must be mailed to the Settlement Administrator by First-Class U.S. Mail within forty-five (45) days after the date the Notice Packet is mailed (or if applicable, fifteen (15) days thereafter in the instance the Notice Packet was re-mailed to the Class Member) by the Settlement Administrator to the Class Member, as conclusively evidenced by the date of the postmark.

5.     If the Settlement Administrator receives a Class Member's valid Request for Exclusion, the Class Member's failure to submit a valid Rescission of Opt-Out Request will result in the Class Member being conclusively deemed no longer a Participating Class Member, and will receive no benefit from this Settlement, and none of his or her claims, causes of action or rights will be released by virtue of this Settlement Agreement.

6.     If a Class Member submits a timely dispute concerning his or her Qualifying Work Weeks as reflected on his or her Notice of Estimated Individual Settlement Payment, **Exhibit B**, and submits a timely Request for Exclusion, the Request for Exclusion will be invalid and such Class Member will be considered a Participating Class Member unless the Request for Exclusion is postmarked after the date the Class Member is notified of the determination of the disputed Qualifying Weeks Worked by the Settlement Administrator.

G.     <u>Objections to This Settlement</u>

The Notice of Class Action Settlement will provide that any Class Member who wishes to

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

object to the Settlement must mail a written objection to the Settlement Administrator by First-Class U.S. Mail no later than forty-five (45) days after the date the Notice Packet is mailed (or re-mailed) by the Settlement Administrator to that Class Member.  The date of delivery of the written objection is deemed to be the date the objection is deposited in the U.S. mail, postage prepaid, as evidenced by the postmark.  Upon receipt of a Class Member's written objection, valid or otherwise, the Settlement Administrator shall promptly email and U.S. mail a copy of the Class Member's written objection (including the envelope evidencing the postmark) to each Co-Class Counsel and to Defense Counsel no later than the next business day.  The objection must do all of the following:  (1) include the case name and number; (2) must set forth, in clear and concise terms a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interest of the Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection; and (3) if an objector also wishes to appear at the Final Approval Hearing, in person or through an attorney, he or she must state his or her intention to appear.  Unless otherwise ordered by the Court, Class Members shall not be entitled to speak at the Final Approval Hearing unless they have submitted a timely written objection that gives notice of his or her intention to appear pursuant to this Section.  Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.  Any Class Member who participates in the settlement but who fails to submit timely written objections in the manner specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### H. Verification of Dissemination of Notice of Class Action

The Settlement Administrator will verify, in writing, that the Notice Packets have been disseminated in accordance with the Court's Order Granting Preliminary Approval, and will provide such verification to Co-Class Counsel and Defendants' counsel no later than twenty (20) days prior to the date of the Final Fairness and Approval Hearing.

### I. Reporting

The Settlement Administrator will provide written notice to Co-Class Counsel and

- 23 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Defendants' counsel of all Objections to Settlement it receives, within one (1) business day of receiving such items.  Upon receipt of a Class Member's written objection, valid or otherwise, the Settlement Administrator shall promptly email and U.S. mail a copy of the Class Member's written objection (including the envelope evidencing the postmark) to each Co-Class Counsel and to Defense Counsel no later than the next business day.  Ten (10) days prior to the deadline Co-Class Counsel must file its Motion for Final Approval, the Settlement Administrator will provide Co-Class Counsel and Defendants' Counsel a Declaration of Compliance reporting on its compliance with the settlement administration procedures and an itemization of costs incurred and itemization of expected future costs.

**J.**     **No Encouraging Class Members Not to Participate**

No Party, including counsel for the Parties, will directly or indirectly, through any person or entity, encourage any Class Member to object or request exclusion from this Settlement.

**K.**     **Final Fairness and Approval Hearing**

On the date set forth in the Notice of Class Action, which will be approximately one hundred and fifty (150) days after the Court grants Preliminary Approval of the Settlement, a Final Fairness and Approval Hearing will be held before the Court in order to:  (1) review this Settlement Agreement and determine whether the Court should give it final approval; and (2) consider any timely objections to the Settlement and all responses by the Parties to such objections.  At the Final Fairness and Approval Hearing, the Parties will ask the Court to approve the Settlement Agreement and to enter judgment.

**L.**     **Dates and Methods of Payment of the Gross Settlement Amount**

1.     Defendants shall fund the Gross Settlement Amount to the Settlement Administrator in accordance with the Payment Dates.  The payments by the Defendants shall be made by wire transfer to the Settlement Administrator.

2.     On the Payment Date, the Settlement Administrator shall provide written confirmation to Co-Class Counsel of the exact amount Defendants have wired to the Settlement Administrator.

3.     On the Payment Date, the Settlement Administrator will prepare and mail settlement

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

checks to each Participating Class Member in the amount of his or her Individual Settlement Payment.  The checks will indicate on their face that they are void if not negotiated within one hundred and eighty (180) days of their issuance.  In the event a settlement check is returned to the Settlement Administrator with a forwarding address, the settlement check will be forwarded to the forwarding address.  In the event a settlement check is returned to the Settlement Administrator without a forwarding address or is otherwise undeliverable, the Settlement Administrator will conduct an in-depth search, including without limitation, enhanced skip tracing methods, and then re-mail the returned check.  If the standard or "in-depth" search and skip tracing do not provide a better address, or the settlement check is ultimately returned without a forwarding address, neither Defendants, Co-Class Counsel, nor the Settlement Administrator shall be required to take further action to achieve delivery of the check to the Class Member.  Class Counsel do not have a duty to conduct any research to locate a new address, even if a Notice is returned as undeliverable.  If within that one-hundred-and-eighty-day-period (180) the Participating Class Member contacts the Settlement Administrator, or if Co-Class Counsel does so on the Participating Class Member's behalf, the settlement check will be reissued and mailed to the address the Participating Class Member (or Co-Class Counsel) provides.  Any such reissued settlement checks will indicate on their face that they are void if not negotiated within one hundred and eighty (180) days of their issuance.

4.      Any settlement checks issued to Participating Class Members that remain uncashed after one hundred and eighty (180) days of disbursement shall be paid to the State of California, State Controller's Office's, Unclaimed Property Division in the name of the Class Member, which shall remain available for those Participating Class Members to claim thereafter.  Upon the closing of the Settlement Administrator's bank account regarding this Settlement, any interest on funds deposited by Defendant with the Settlement Administrator shall be paid to the State of California, State Controller's Office's, Unclaimed Property Division in the name of the Class Member, which shall remain available for those Participating Class Members to claim thereafter.

**M.      Dates and Methods of Enhancement Payments and Attorneys' Fees and Costs**

1.      On the Payment Date, the Settlement Administrator will pay from the Gross Settlement Amount the Enhancement Payments as awarded by the Court to the Named Plaintiffs.

The payment will be made by sending each Named Plaintiff a separate check in the amount of the Court-approved Enhancements.

2.     On the Payment Date, the Settlement Administrator will pay from the Gross Settlement Amount Co-Class Counsels' Court-approved attorneys' fees and costs.  Co-Class Counsel shall provide to the Settlement Administrator all information necessary to make such payments, including W-9 forms, tax ID numbers, and wiring instructions.

### N.     No Additional Contribution by Defendants

Defendants' monetary obligations under this Agreement are limited to the Gross Settlement Amount.  Thus, all costs and expenses arising out of or in connection with the performance of this Agreement shall be paid from the Gross Settlement Amount.

### O.     Deadlines

If any deadline specified in this Agreement falls on a Saturday, Sunday, or State Court holiday, the deadline will be automatically extended to the next regular business day.  Unless specified otherwise, all references to "days" shall mean calendar days.

## V.     ENFORCEMENT, JUDGMENT, AND CONTINUING JURISDICTION OF THE COURT

Pursuant to Federal Rule of Civil Procedure; Rule 23, this Settlement Agreement will be approved by the Court and will be enforceable by the Court.  Even after the Order Granting Final Approval and the accompanying Final Judgment are entered and notwithstanding it, this Court will have and retain continuing jurisdiction over the Class Action and over all Parties and Class Members, to the fullest extent necessary or convenient to enforce and effectuate the terms and intent of this Settlement Agreement and all matters provided for in it, and to interpret it.

## VI.     MUTUAL FULL COOPERATION

The Parties will fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and taking such other action as may be reasonably necessary or convenient to implement it.

## VII.     NO ADMISSIONS

Nothing in this Settlement Agreement will constitute or be considered an admission by or on

behalf of either Defendants or any Released Party, of any wrongdoing or liability or of the accuracy

of any allegation made in connection with these Class Actions or in any other matter.

## VIII.   WITHDRAWAL, NULLIFICATION, INVALIDATION

### A.   Effective Date of Defendants' Obligations Under this Agreement

Defendants' obligations under this Settlement Agreement will become final and effective

only upon occurrence of all of the following events:

1.     Execution and filing by the Court of an Order Granting Preliminary Approval;

2.     Certification of the Class for settlement purposes only;

3.     The Court conducting a Final Fairness and Approval Hearing;

4.     Execution and filing by the Court of the Order Granting Final Approval;

5.     Entry of a Final Judgment; and

6.     Occurrence of the Effective Settlement Date.

In the event that any of the conditions specified in this Settlement Agreement are not satisfied,

or in the event that this Settlement does not obtain approval of the Court for any reason, all matters

covered by this Agreement will be null and void.  In such event, neither this Agreement nor any

negotiations leading to this Settlement will be used or construed by or against any Party as a

determination, admission, or concession of any issue of law or fact in the litigation; and the Parties

hereto do not waive, and instead expressly reserve, their respective rights regarding the prosecution

and defense of the litigation, including all available defenses and affirmative defenses, and

challenging any claim that the Class Actions could be certified as class actions, as if this Settlement

Agreement never existed.

### B.   Withdrawal

1.     The Settlement is entered into based upon a total current estimate of approximately

796 Class Members with the corresponding total work weeks of 41,846.

2.     If prior to the Final Fairness and Approval Hearing, persons who otherwise would be

Class Members have filed timely requests to opt out as outlined herein, and if such persons in the

aggregate amount to a number greater than five percent (5%) of the total number of Class Members,

Defendants will have the sole and absolute discretion, if they so choose, to withdraw from this

Settlement by giving notice of any such withdrawal in writing to Co-Class Counsel prior to the date set for the Final Fairness and Approval Hearing.  In the event that Defendants elect to so withdraw, they will not be responsible for paying any settlement amounts, except Defendants shall be solely responsible for the entire payment of the Settlement Administrator's Costs incurred to the date.

**C.**    **Nullification**

If:  (1) the Court should for any reason fail to enter the Order of Final Judgment; or (2) the Court's Order of Final Judgment is reversed or modified as to any material term as defined above, or declared or rendered void as to any material term as defined above, then:  (a) this Settlement Agreement will be considered null and void; and (b) neither this Settlement Agreement nor any of the related negotiations or proceedings will have any force or effect.  If, for whatever reason and however it may occur, this Agreement is canceled, rescinded, terminated, voided, or nullified or the Settlement of the Action is barred by operation of law, invalidated, or ordered not to be carried out by a court of competent jurisdiction, Defendant shall cease to have any obligation to pay any portion of the Gross Settlement Amount to anyone under the terms of this Agreement, and all previous disbursements from the Gross Settlement Amount will immediately be paid back to Defendants by the person or entity who received such disbursement.   However, if:  (a) the Court should, for any reason, fail to approve this Settlement in the form agreed to by Named Plaintiffs, Defendants, Co-Class Counsel, and Defense Counsel; (b) the Court should, for any reason, fail to enter the Final Order; or (c) the Final Order is reversed, then the Settlement Administration Costs, if any, that have been incurred as a result of the settlement efforts, shall be borne equally by Defendants and Co-Class Counsel.

**D.**    **Invalidation**

Invalidation of any material term of this Settlement Agreement will invalidate this Agreement in its entirety unless the Parties subsequently agree in writing that the remaining provisions will remain in full force and effect.

**IX.**    **PUBLIC STATEMENTS**

Named Plaintiffs, Co-Class Counsel, Defendants, and Defense Counsel will not (1) issue any press or other media release; nor (2) initiate any contact with the press, other news media personnel,

- 28 -

about the Class Action, including the fact, amount, and/or terms of the Settlement.

## X.   GENERAL PROVISIONS

### A.   Entire Agreement

This Settlement Agreement constitutes the entire integrated agreement between the Parties relating to the Class Action, and no oral representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement.

### B.   Authorization to Act

Co-Class Counsel warrants and represents that they are authorized by the Class Representatives, and counsel of record for Defendants warrant that they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement, including this Settlement Agreement.

### C.   Modification Only in Writing

This Settlement Agreement may be amended or modified only by a written instrument signed by Counsel for the Parties or all Parties or their successors in interest.

### D.   Binding on Successors

This Settlement Agreement is binding upon and will inure to the benefit of the Parties to this Agreement, as well as their respective attorneys, past, present, and future predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, insurers, executors, partners, parent corporations, subsidiaries, and related or affiliated entities.

### E.   No Prior Assignments

The Participating Class Members will be deemed by operation of the Order Granting Final Approval to represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, cause of action or rights herein released and discharged.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

**F.**   **Governing Law**

2      All terms of this Settlement Agreement will be governed by and interpreted according to the

3   laws of the State of California, without giving effect to conflicts of laws principles.

4

**G.**   **Counterparts**

5      This Settlement Agreement may be executed in one or more counterparts.  All executed

6   counterparts and each of them will be deemed to be one and the same instrument.  Counsel for the

7   Parties will exchange among themselves signed counterparts.

8

**H.**   **Headings for Convenience Only**

9      The descriptive headings of any paragraphs or sections of this Settlement Agreement are

10   inserted for convenience of reference only and do not constitute a part of this Agreement.

11

**I.**   **Construction of This Agreement**

12      The Parties hereto agree that the terms and conditions of this Settlement Agreement are the

13   result of arms-length negotiations between the Parties and that this Settlement Agreement will not be

14   construed in favor of or against any Party by reason of the extent to which any Party, or their

15   counsel, participated in the drafting of this Agreement.  This Settlement Agreement constitutes the

16   entire agreement between the Parties hereto.  Except as expressly provided herein, this Settlement

17   Agreement has not been executed in reliance upon any other oral or written representations or terms

18   and no such extrinsic oral or written representations or terms will modify, vary or contradict the

19   terms of this Settlement Agreement.  In entering this Settlement Agreement, the Parties hereto

20   explicitly recognize California Civil Code section 1625 and California Code of Civil Procedure

21   section 1856(a), which provide that a written agreement is to be construed according to its terms and

22   may not be varied or contradicted by extrinsic evidence.  The Named Plaintiffs and Defendant

23   participated in the negotiation and drafting of this Settlement Agreement and had available to them

24   the advice and assistance of independent legal counsel.  As such, no Participating Class Member or

25   Defendant may claim that any ambiguity in this Settlement Agreement should be construed against

26   the other.

27

**J.**   **Corporate Signatories**

28      Any person executing this Settlement Agreement or any related document on behalf of a

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1    corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such

2    person has been duly authorized by such corporation to execute this Settlement Agreement or any

3    related document.

4    **K.**      **Representation by Counsel**

5        All of the Parties hereto acknowledge that they have been represented by counsel throughout

6    all negotiations which preceded the execution of this Settlement Agreement and that this Agreement

7    has been executed with the consent and advice of counsel.

8    **L.**      **Attorneys' Fees and Costs**

9        Except as otherwise provided herein, the Parties hereto will bear responsibility for their own

10   attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Class Action

11   and will not seek reimbursement thereof from any Party to this Settlement Agreement.

12       IT IS SO AGREED:

13   **EXECUTION BY PARTIES AND COUNSEL**

14       The Parties and their counsel hereby execute this Agreement.

15

16                         **READ CAREFULLY BEFORE SIGNING**

17

18   **PLAINTIFFS:**

19

20   Dated: April 09, 2018

21

                                     **Jasbir Singh**

                                     _____

                                     Plaintiff Jasbir Singh

22                                   **Bany Lopez**

23   Dated: April ___, 2018
                                     _____

24                                   Plaintiff Bany Lopez

25                                   **Julio Vidrio**

26   Dated: April ___, 2018
                                     _____

27                                   Plaintiff Julio Vidrio

28

corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any related document.

### K.    Representation by Counsel

All of the Parties hereto acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Settlement Agreement and that this Agreement has been executed with the consent and advice of counsel.

### L.    Attorneys' Fees and Costs

Except as otherwise provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Class Action and will not seek reimbursement thereof from any Party to this Settlement Agreement.

IT IS SO AGREED:

**EXECUTION BY PARTIES AND COUNSEL**

The Parties and their counsel hereby execute this Agreement.

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFFS:**

**Jasbir Singh**

Dated: April ___, 2018

Plaintiff Jasbir Singh

**Bany Lopez**

Dated: April 9 , 2018

Plaintiff Bany Lopez

**Julio Vidrio**

Dated: April ___, 2018

Plaintiff Julio Vidrio

- 31 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such

2  person has been duly authorized by such corporation to execute this Settlement Agreement or any

3  related document.

4      **K.**    **Representation by Counsel**

5      All of the Parties hereto acknowledge that they have been represented by counsel throughout

6  all negotiations which preceded the execution of this Settlement Agreement and that this Agreement

7  has been executed with the consent and advice of counsel.

8      **L.**    **Attorneys' Fees and Costs**

9      Except as otherwise provided herein, the Parties hereto will bear responsibility for their own

10 attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Class Action

11 and will not seek reimbursement thereof from any Party to this Settlement Agreement.

12     IT IS SO AGREED:

13 **EXECUTION BY PARTIES AND COUNSEL**

14     The Parties and their counsel hereby execute this Agreement.

15

16               **READ CAREFULLY BEFORE SIGNING**

17

18 **PLAINTIFFS:**

19                              **Jasbir Singh**

20 Dated:  April ___, 2018

21                              Plaintiff Jasbir Singh

22                              **Bany Lopez**

23 Dated:  April ___, 2018

24                              Plaintiff Bany Lopez

25                              **Julio Vidrio**

26 Dated:  April **11**, 2018

27                              Plaintiff Julio Vidrio

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2    Dated: April 11, 2018

3

4

5

6    Dated: April ___, 2018

7

8

9    Dated: April ___, 2018

10

11

12   Dated: April ___, 2018

13

14

15

16   Dated: April ___, 2018

17

18

19   Dated: April ___, 2018

20

21

22   Dated: April ___, 2018

23

24

25

26   Dated: April ___, 2018

27

28

James Sliger

_____
Plaintiff James Sliger


Derrick Lewis

_____
Plaintiff Derrick Lewis


Jerry Leininger

_____
Plaintiff Jerry Leininger


Kristofher Spring

_____
Plaintiff Kristopher Spring


Jerry Wood

_____
Plaintiff Jerry Wood


Capelli Burless

_____
Plaintiff Capelli Burless


Robert Haskins

_____
Plaintiff Robert Haskins


Douglas Luis

_____
Plaintiff Douglas Luis

- 32 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**James Sliger**

Dated:  April ___, 2018

Plaintiff James Sliger

**Derrick Lewis**

Dated:  April 11, 2018

Plaintiff Derrick Lewis

**Jerry Leininger**

Dated:  April ___, 2018

Plaintiff Jerry Leininger

**Kristopher Spring**

Dated:  April ___, 2018

Plaintiff Kristopher Spring

**Jerry Wood**

Dated:  April ___, 2018

Plaintiff Jerry Wood

**Capelli Burless**

Dated:  April ___, 2018

Plaintiff Capelli Burless

**Robert Haskins**

Dated:  April ___, 2018

Plaintiff Robert Haskins

**Douglas Luis**

Dated:  April ___, 2018

Plaintiff Douglas Luis

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2
Dated: April ___, 2018

3

4

5
Dated: April ___, 2018

6

7

8

9
Dated: April __9__, 2018

10

11

12
Dated: April ___, 2018

13

14

15

16
Dated: April ___, 2018

17

18

19
Dated: April ___, 2018

20

21

22
Dated: April ___, 2018

23

24

25

26
Dated: April ___, 2018

27

28

**James Sliger**

_____
Plaintiff James Sliger

**Derrick Lewis**

_____
Plaintiff Derrick Lewis

**Jerry Leininger**

_____
Plaintiff Jerry Leininger

**Kristopher Spring**

_____
Plaintiff Kristopher Spring

**Jerry Wood**

_____
Plaintiff Jerry Wood

**Capelli Burless**

_____
Plaintiff Capelli Burless

**Robert Haskins**

_____
Plaintiff Robert Haskins

**Douglas Luis**

_____
Plaintiff Douglas Luis

- 32 -

1

2
Dated: April ___, 2018

3

**James Sliger**

_____
Plaintiff James Sliger

4

5
Dated: April ___, 2018

6

**Derrick Lewis**

_____
Plaintiff Derrick Lewis

7

8
Dated: April ___, 2018

9

**Jerry Leininger**

_____
Plaintiff Jerry Leininger

10

11

12
Dated: April _10_, 2018

13

**Kristopher Spring**

_____
Plaintiff Kristopher Spring

14

15
Dated: April ___, 2018

16

**Jerry Wood**

_____
Plaintiff Jerry Wood

17

18
Dated: April ___, 2018

19

20

**Capelli Burless**

_____
Plaintiff Capelli Burless

21

22
Dated: April ___, 2018

23

**Robert Haskins**

_____
Plaintiff Robert Haskins

24

25

26
Dated: April ___, 2018

**Douglas Luis**

_____
Plaintiff Douglas Luis

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2

Dated: April ___, 2018

3

James Sliger

_____

Plaintiff James Sliger

4

5

Dated: April ___, 2018

6

Derrick Lewis

_____

Plaintiff Derrick Lewis

7

8

9

Dated: April ___, 2018

10

Jerry Leininger

_____

Plaintiff Jerry Leininger

11

12

Dated: April ___, 2018

13

Kristopher Spring

_____

Plaintiff Kristopher Spring

14

15

16

Dated: April 10, 2018

17

Jerry Wood

_____

Plaintiff Jerry Wood

18

19

Dated: April ___, 2018

20

Capelli Burless

_____

Plaintiff Capelli Burless

21

22

Dated: April ___, 2018

23

Robert Haskins

_____

Plaintiff Robert Haskins

24

25

26

Dated: April ___, 2018

27

Douglas Luis

_____

Plaintiff Douglas Luis

28

**James Sliger**

Dated: April ___, 2018

_____

Plaintiff James Sliger

**Derrick Lewis**

Dated: April ___, 2018

_____

Plaintiff Derrick Lewis

**Jerry Leininger**

Dated: April ___, 2018

_____

Plaintiff Jerry Leininger

**Kristopher Spring**

Dated: April ___, 2018

_____

Plaintiff Kristopher Spring

**Jerry Wood**

Dated: April ___, 2018

_____

Plaintiff Jerry Wood

CAPPELLI BURLESS

Capelli Burless

Dated: April 9, 2018

_____

Plaintiff Capelli Burless

**Robert Haskins**

Dated: April ___, 2018

_____

Plaintiff Robert Haskins

**Douglas Luis**

Dated: April ___, 2018

_____

Plaintiff Douglas Luis

- 32 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Dated: April ___, 2018

_____
Plaintiff James Sliger

**Derrick Lewis**

Dated: April ___, 2018

_____
Plaintiff Derrick Lewis

**Jerry Leininger**

Dated: April ___, 2018

_____
Plaintiff Jerry Leininger

**Kristopher Spring**

Dated: April ___, 2018

_____
Plaintiff Kristopher Spring

**Jerry Wood**

Dated: April ___, 2018

_____
Plaintiff Jerry Wood

**Capelli Burless**

Dated: April ___, 2018

_____
Plaintiff Capelli Burless

**Robert Haskins**

Dated: April _9_, 2018

_____
Plaintiff Robert Haskins

**Douglas Luis**

Dated: April ___, 2018

_____
Plaintiff Douglas Luis

James Sliger

Dated: April ___, 2018

_____
Plaintiff James Sliger

Derrick Lewis

Dated: April ___, 2018

_____
Plaintiff Derrick Lewis

Jerry Leininger

Dated: April ___, 2018

_____
Plaintiff Jerry Leininger

Kristopher Spring

Dated: April ___, 2018

_____
Plaintiff Kristopher Spring

Jerry Wood

Dated: April ___, 2018

_____
Plaintiff Jerry Wood

Capelli Burless

Dated: April ___, 2018

_____
Plaintiff Capelli Burless

Robert Haskins

Dated: April ___, 2018

_____
Plaintiff Robert Haskins

Douglas Luis

Dated: April 10, 2018

_____
Plaintiff Douglas Luis

- 32 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: 55B0FC80-E4F9-43B1-8F94-9CD9266355CD

**Paul Bonner**

4/11/2018 | 1:27 PM PDT

Dated:  April ___, 2018

_____

Plaintiff Paul Bonner

**Christopher Cross**

Dated:  April ___, 2018

_____

Plaintiff Christopher Cross

**Leo Lewis**

Dated:  April ___, 2018

_____

Plaintiff Leo Lewis

**Richard Love**

Dated:  April ___, 2018

_____

Plaintiff Richard Love

**Wilfred McGirt**

Dated:  April ___, 2018

_____

Plaintiff Wilfred McGirt

**Nicholas Rich**

Dated:  April ___, 2018

_____

Plaintiff Nicholas Rich

**Latrina Phillips**

Dated:  April ___, 2018

_____

Plaintiff Latrina Phillips

**DEFENDANTS:**                    **Roadrunner Intermodal Services, LLC**

Dated:  April ___, 2018

_____

By: _____

Its: _____

- 33 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: 389F0ABE-E872-47F2-9471-244445E609A6

**Paul Bonner**

1

2     Dated:  April ___, 2018        _____

3                                    Plaintiff Paul Bonner

4     4/11/2018 | 1:05 PM PDT        **Christopher Cross**

5     Dated:  April ___, 2018        _____

6                                    Plaintiff Christopher Cross

7                                    **Leo Lewis**

8     Dated:  April ___, 2018        _____

9                                    Plaintiff Leo Lewis

10

11                                   **Richard Love**

12    Dated:  April ___, 2018        _____

13                                   Plaintiff Richard Love

14                                   **Wilfred McGirt**

15    Dated:  April ___, 2018        _____

16                                   Plaintiff Wilfred McGirt

17                                   **Nicholas Rich**

18

19    Dated:  April ___, 2018        _____

20                                   Plaintiff Nicholas Rich

21                                   **Latrina Phillips**

22    Dated:  April ___, 2018        _____

23                                   Plaintiff Latrina Phillips

24    **DEFENDANTS:**                **Roadrunner Intermodal Services, LLC**

25

26    Dated:  April ___, 2018        _____

27                                   By:

28                                   _____
                                     Its:

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: 34381D42-20FF-4192-AC68-9269CDBA416C

**Paul Bonner**

Dated:  April ___, 2018

_____

Plaintiff Paul Bonner

**Christopher Cross**

Dated:  April ___, 2018

_____

Plaintiff Christopher Cross

**Leo Lewis**

4/11/2018 | 1:28 PM PDT

Dated:  April ___, 2018

_____

Plain___ E26D96714E5145E...

**Richard Love**

Dated:  April ___, 2018

_____

Plaintiff Richard Love

**Wilfred McGirt**

Dated:  April ___, 2018

_____

Plaintiff Wilfred McGirt

**Nicholas Rich**

Dated:  April ___, 2018

_____

Plaintiff Nicholas Rich

**Latrina Phillips**

Dated:  April ___, 2018

_____

Plaintiff Latrina Phillips

**DEFENDANTS:**

**Roadrunner Intermodal Services, LLC**

Dated:  April ___, 2018

_____

By:

_____

Its:

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: A8D45690-7D81-4946-BE48-E193D1672022

**Paul Bonner**

Dated:  April ___, 2018

_____

Plaintiff Paul Bonner

**Christopher Cross**

Dated:  April ___, 2018

_____

Plaintiff Christopher Cross

**Leo Lewis**

Dated:  April ___, 2018

_____

Plaintiff Leo Lewis

**Richard Love**

4/12/2018 | 6:44 AM PDT

Dated:  April ___, 2018       *Richard Love*

Plaintiff Ri___4EBB2D341372687...

**Wilfred McGirt**

Dated:  April ___, 2018

_____

Plaintiff Wilfred McGirt

**Nicholas Rich**

Dated:  April ___, 2018

_____

Plaintiff Nicholas Rich

**Latrina Phillips**

Dated:  April ___, 2018

_____

Plaintiff Latrina Phillips

**DEFENDANTS:**          **Roadrunner Intermodal Services, LLC**

Dated:  April ___, 2018

_____

By:

_____

Its:

- 33 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: 54B55752-316E-4033-9FA5-E041F15DE644

**Paul Bonner**

Dated:  April \_\_\_, 2018

_____
Plaintiff Paul Bonner

**Christopher Cross**

Dated:  April \_\_\_, 2018

_____
Plaintiff Christopher Cross

**Leo Lewis**

Dated:  April \_\_\_, 2018

_____
Plaintiff Leo Lewis

**Richard Love**

Dated:  April \_\_\_, 2018

_____
Plaintiff Richard Love

**Wilfred McGirt**

4/11/2018 | 1:13 PM PDT

Dated:  April \_\_\_, 2018

Plainti_____ t

**Nicholas Rich**

Dated:  April \_\_\_, 2018

_____
Plaintiff Nicholas Rich

**Latrina Phillips**

Dated:  April \_\_\_, 2018

_____
Plaintiff Latrina Phillips

**DEFENDANTS:**                     **Roadrunner Intermodal Services, LLC**

Dated:  April \_\_\_, 2018

_____
By:

_____
Its:

- 33 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

DocuSign Envelope ID: 183B2D69-89D0-4690-B6F4-B372A9CFA85D

**Paul Bonner**

Dated:  April ___, 2018

_____
Plaintiff Paul Bonner

**Christopher Cross**

Dated:  April ___, 2018

_____
Plaintiff Christopher Cross

**Leo Lewis**

Dated:  April ___, 2018

_____
Plaintiff Leo Lewis

**Richard Love**

Dated:  April ___, 2018

_____
Plaintiff Richard Love

**Wilfred McGirt**

Dated:  April ___, 2018

_____
Plaintiff Wilfred McGirt

**Nicholas Rich**

4/11/2018 | 1:05 PM PDT

Dated:  April ___, 2018

_____
Plaintiff Nicholas Rich

**Latrina Phillips**

Dated:  April ___, 2018

_____
Plaintiff Latrina Phillips

**DEFENDANTS:**                    **Roadrunner Intermodal Services, LLC**

Dated:  April ___, 2018

_____
By:

_____
Its:

- 33 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**Paul Bonner**

1

2    Dated:  April \_\_\_, 2018    _____

3                                Plaintiff Paul Bonner

4                                **Christopher Cross**

5    Dated:  April \_\_\_, 2018    _____

6                                Plaintiff Christopher Cross

7                                **Leo Lewis**

8

9    Dated:  April \_\_\_, 2018    _____

                                Plaintiff Leo Lewis

10

11                               **Richard Love**

12   Dated:  April \_\_\_, 2018    _____

13                               Plaintiff Richard Love

14                               **Wilfred McGirt**

15   Dated:  April \_\_\_, 2018    _____

16                               Plaintiff Wilfred McGirt

17                               **Nicholas Rich**

18

19   Dated:  April \_\_\_, 2018    _____

                                Plaintiff Nicholas Rich

20

21   4/12/2018 | 11:02 AM PDT    **Latrina Phillips**

22   Dated:  April \_\_\_, 2018    _____

23                               Plaintiff L   7AD0F2D2BD844CC...

24   **DEFENDANTS:**                **Roadrunner Intermodal Services, LLC**

25

26   Dated:  April \_\_\_, 2018    _____

27                               By:

                                _____
28                               Its:

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**Paul Bonner**

Dated: April ___, 2018

_____
Plaintiff Paul Bonner

**Christopher Cross**

Dated: April ___, 2018

_____
Plaintiff Christopher Cross

**Leo Lewis**

Dated: April ___, 2018

_____
Plaintiff Leo Lewis

**Richard Love**

Dated: April ___, 2018

_____
Plaintiff Richard Love

**Wilfred McGirt**

Dated: April ___, 2018

_____
Plaintiff Wilfred McGirt

**Nicholas Rich**

Dated: April ___, 2018

_____
Plaintiff Nicholas Rich

**Latrina Phillips**

Dated: April ___, 2018

_____
Plaintiff Latrina Phillips

**DEFENDANTS:**

**Roadrunner Intermodal Services, LLC**

Dated: April _10_, 2018

_____
By:
_GENERAL   COUNSEL_
Its:

- 33 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

**Morgan Southern, Inc.**

Dated: April __, 2018

By: _____

_____
GENERAL   COUNSEL

Its: _____


**Central Cal Transportation, LLC**

Dated: April __, 2018

By: _____

_____
GENERAL   COUNSEL

Its: _____


**APPROVED AS TO FORM**

**ATTORNEYS FOR PLAINTIFFS:**

**KABATECK BROWN KELLNER LLP**

Dated: April ___, 2018

By:_____
Cheryl A. Kenner

**WAGNER, JONES, KOPFMAN, AND ARTENIAN LLP**

Dated: April ___, 2018

By:_____
Daniel M. Kopfman

Attorneys for Plaintiffs


**ATTORNEYS FOR DEFENDANTS ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; and MORGAN SOUTHERN, INC.:**

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

Dated: April __, 2018

By:_____
Adam C. Smedstad

- 34 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2
       Dated:  April \_\_\_, 2018

3

4

5

6

7
       Dated:  April \_\_\_, 2018

8

9

10

11

12

13

14

15
       Dated:  April 11, 2018

16

17

18

19

20
       Dated:  April \_\_\_, 2018

21

22

23

24

25

26

27

28
       Dated:  April \_\_\_, 2018

**Morgan Southern, Inc.**

By: _____

Its: _____


**Central Cal Transportation, LLC**

By: _____

Its: _____


**APPROVED AS TO FORM**

**ATTORNEYS FOR PLAINTIFFS:**

**KABATECK BROWN KELLNER LLP**

By: *Cheryl Kenner* _____
Cheryl A. Kenner

**WAGNER, JONES, KOPFMAN, AND ARTENIAN LLP**

By: _____
Daniel M. Kopfman

Attorneys for Plaintiffs


**ATTORNEYS FOR DEFENDANTS ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; and MORGAN SOUTHERN, INC.:**

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

By: _____
Adam C. Smedstad

**Morgan Southern, Inc.**

Dated: April ___, 2018

By: _____

Its: _____


**Central Cal Transportation, LLC**

Dated: April ___, 2018

By: _____

Its: _____


**APPROVED AS TO FORM**

**ATTORNEYS FOR PLAINTIFFS:**

**KABATECK BROWN KELLNER LLP**

Dated: April 11, 2018

By: _____

Cheryl A. Kenner

**WAGNER, JONES, KOPFMAN, AND ARTENIAN LLP**

Dated: April 12, 2018

By: _____

Daniel M. Kopfman

Attorneys for Plaintiffs


**ATTORNEYS FOR DEFENDANTS ROADRUNNER INTERMODAL SERVICES, LLC; CENTRAL CAL TRANSPORTATION, LLC; and MORGAN SOUTHERN, INC.:**

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**

Dated: April ___, 2018

By: _____

Adam C. Smedstad

- 34 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**AND FINAL APPROVAL HEARING**

| | |
|---|---|
| JASBIR SINGH, et al., | ) Lead Case No. 1:15-cv-01497-DAD-BAM |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| ROADRUNNER INTERMODAL SERVICES, LLC; | ) |
| CENTRAL CAL TRANSPORTATION, LLC; AND | ) |
| MORGAN SOUTHERN, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| NICHOLAS E. RICH, an individual, on behalf of himself | ) Member Case No. 1:16-cv-01900-DAD-BAM |
| and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| ROADRUNNER INTERMODAL SERVICES, LLC; | ) |
| CENTRAL CAL TRANSPORTATION, LLC; MORGAN | ) |
| SOUTHERN, INC.; and DOES 1 through 50, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| LATRINA PHILLIPS, | ) Case No. 1:17-cv-00164-DAD-BAM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROADRUNNER INTERMODAL SERVICES, LLC; and | ) |
| MORGAN SOUTHERN, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**TO:** All current and former California residents who worked for Defendants in the position of owner-operator and/or independent contractor truck driver from February 9, 2011 through April 15, 2018.

*Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached regarding the claims that have been brought in the class action lawsuits (the "Actions"). This Notice describes the cases and will inform you of your rights and options in connection with the Settlement.

A hearing will be held before the Honorable Dale A. Drozd on _____, 2018 at _____ a.m./p.m. in Courtroom 5 of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, 7th Floor, Fresno, California 93721, to determine whether the Settlement should be approved.

---

Any questions regarding this Notice or the Opt-Out-Request should be directed to the Settlement Administrator or to Co-Class Counsel.
**DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR INFORMATION ABOUT THIS LAWSUIT.**

---

*Who is affected by this settlement?*

The Court has certified, for settlement purposes only, the following class (the "Class"):

All current and former California residents who worked for the Defendants in the position of Owner-Operator and/or Independent Contractor Truck Driver at any time from February 9, 2011 through April 15, 2018 (the "Class Period").

## What is this case about?

In the Complaints, Plaintiffs, as the Class Representatives, allege the following claims ("Claims") against Defendants that they: (1) misclassified drivers as independent contractors; (2) failed to provide meal periods or premium pay in lieu thereof; (3) failed to provide rest breaks or premium pay in lieu thereof; (4) failed to pay overtime; (5) failed to pay the California minimum wage for all hours worked; (6) failed to timely pay all wages owed upon separation; (7) failed to furnish timely and accurate wage statements; (8) failed to pay all wages owed every pay period; (9) failed to reimburse all business expenses; (10) unlawfully deducted wages; (11) owes penalties under the Private Attorneys General Act ("PAGA"); and (12) engaged in unlawful, unfair, and deceptive business practices. Defendants deny Plaintiffs' claims and maintain that Plaintiffs and the Class Members were properly classified as independent contractors and that the Actions are not suitable for class certification.

The Settlement is not an admission of liability by Defendants. Rather, it is a compromise and settlement of disputed claims. The Settlement is the result of good faith, arm's-length negotiations between the Class Representatives and Defendants, through their respective attorneys. Both sides agree that, in light of the risks and expenses associated with continued litigation, the Settlement is fair and appropriate under the circumstances and in the best interests of the Class Members. The Court has not ruled on the merits of Plaintiffs' claims nor Defendants' defenses.

## Who are the attorneys representing the Parties?

**The attorneys ("Co-Class Counsel") for Plaintiffs (Class Representatives) in these lawsuits are**:

Brian S. Kabateck and Cheryl A. Kenner
Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 417-9226

Daniel M. Kopfman and Lawrence M. Artenian
Wagner, Jones, Kopfman & Artenian LLP
1111 E. Herndon, Ste. 317
Fresno, CA 93720
Telephone: (559) 449-1800

**The attorneys for Defendants Roadrunner Intermodal Services, LLC; Central Cal Transportation, LLC; and Morgan Southern, Inc. are**:

James H. Hanson and A. Jack Finklea
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 687-1777

Adam C. Smedstad
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200

## What are the Settlement terms?

**Gross Settlement Amount.** Subject to final Court approval, Defendants will pay a total of $9,250,000.00 ("Gross Settlement Amount") for the payment of: (a) the claims; (b) the Court-approved Enhancement Awards to the Class Representatives; (c) the Court-approved attorneys' fees award and costs award; (d) $100,000 to the California Labor and Workforce Development Agency for civil penalties brought under PAGA; and (d) the reasonable fees and costs of the Settlement Administrator.

**Class Members' Claims.** After deductions from the Gross Settlement Amount for Court-approved Enhancement Awards to Plaintiffs, PAGA penalties, the Court-approved award to Co-Class Counsel for attorneys' fees and costs, and the costs of administering the Settlement, the Settlement Administrator will make a settlement payment to each Class Member who does not request exclusion from the Settlement from the remaining amount (the "Net Settlement Amount"). Each Class Member will receive a pro rata share of the Net Settlement Amount based on the number of qualifying workweeks credited to that person during the Class Period. Each Class Member's qualifying workweeks credit is based on Defendants' records of the total number of work weeks during which a Class Member was engaged by the Defendants in a Class Position at any time during the Class Period. Any work week in which a Class Member worked at least one day shall be counted as a Qualifying Work Week.

Individual Settlement Payments to be paid to each Participating Class Member will be allocated as follows:
- One-half (1/2) to unreimbursed business expenses, which will not be subject to withholding (Form 1099 to be issued);
- One-fourth (1/4) to interest, which will not be subject to withholding (Form 1099 to be issued); and
- One-fourth (1/4) to penalties, which will not be subject to withholding (Form 1099 to be issued).

None of the Parties nor their attorneys make any representations concerning the tax consequences of the Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Neither the Settlement Administrator nor the attorneys can offer any advice concerning the state or federal tax consequences of the Settlement to any Class Member.

**Class Co-Counsel's Attorneys' Fees and Costs and Administrative Costs.** Co-Class Counsel will ask the Court to award their respective firms attorneys' fees ($3,083,333.33) and litigation expenses ($90,000) of up to $3,173,333.33 total. The Class Representatives will also be entitled to receive an Enhancement Award for serving as a Class Representative as well as a portion of the Net Settlement Amount as a Class Member. The costs of administrating the Settlement will be paid out of the Gross Settlement Amount.

*What claims are being released by the Settlement?*

"Participating Class Member" means class members who do not opt out of the Settlement by submitting a valid and timely opt-out request.  Each Participating Class Member who does not request exclusion ("Opt-Out") from the Settlement will be deemed to have fully and finally released Defendants and their respective parents, subsidiaries and affiliates, assigns, officers, directors, agents, employees, shareholders, insurance companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises, beneficiaries, grantees, transferees, or representatives to the extent they accrued during the Class Period:

**Claims Released by Participating Class Members:**  All known and unknown claims, losses, damages, liquidated damages, demands, penalties, interest, liabilities, causes of action, complaints or suits, at law or in equity, which arise from or are directly related to the facts asserted in the *Singh* Action, *Rich* Action, and *Phillips* Action, including, claims for unreimbursed business expenses and unlawful deductions, unpaid wages or overtime, "off-the-clock" work and premium wages for alleged meal and/or rest period violations, failure to timely pay wages upon termination, claims made under California Labor Code sections 201, 202, 203, 221, 226, 226.3, 226.7, 226.8, 510, 512, 1194, 1194.2, 1197, 2802, all similar provisions or requirements of the California Industrial Welfare Commission Wage Order 9-2001 and California Business and Professions Code sections 17200, *et seq.*, or any other federal, state, or local law, which the Class and/or any Class Member has ever had, or hereafter may claim to have, for the Class Period, except for claims brought under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* and claims for workman's compensation.

Defendants also release Named Plaintiffs and all Participating Class Members from the following claims:

**Claims Released by Defendants:**  Any and all known and unknown claims, rights, losses, damages, interest, issues of liability, causes of action, suits or complaints at law and/or at equity any of the Released Parties may have against any Class Member that arise out of the contracts for hire; including, but not limited the Equipment Lease Agreements, Independent Contractor Line Haul Agreements, Independent Contractor Agreements, or third party lease agreements to which any of the Released Parties are guarantors.  By way of this Settlement, Defendants agree to cease and desist any all collection efforts currently pending against any Participating Class Member from the beginning of time through the Effective Settlement Date..

*What are my options in this matter?*

You have **ONE of THREE** options under the Settlement:

---

**OPTION 1:  Participate in the Settlement**.

**IN ORDER TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A CASH PAYMENT, YOU DO NOT HAVE TO DO ANYTHING**.  As long as you do not exclude yourself from the Settlement, you will receive a cash payment following final approval of the Settlement.

You are entitled to dispute the number of weeks that you worked as an owner-operator and/or independent contractor truck driver for Defendants between February 9, 2011 and April 15, 2018, as reported on the Notice of Estimated Individual Settlement Payment.  To dispute this number of weeks worked credited to you, you must send written notice to the Settlement Administrator.  **To be valid, your written dispute of weeks worked must be: (1) signed by you; (2) accompanied by satisfactory evidence of the actual weeks worked as an owner-operator and/or independent contractor truck driver for Defendants during the Class Period, including any supporting documentation; (3) mailed by First-Class U.S. Mail to Settlement Administrator at the address provided below and (4) postmarked on or before _____, 2018.**  If you do not timely submit your dispute of weeks worked (as evidenced by the date of the postmark) or your submission is missing any of the required information, your dispute will be rejected, and you will receive the payment as if you did not submit a dispute as to the number of weeks worked.

---

**OPTION 2:  Opt Out If You Do Not Want to Be Bound by the Settlement**.

If you do **not** want to be part of the Settlement, you must submit a signed written request asking to be excluded from the Settlement ("Opt-Out Request") to the Settlement Administrator.  Your Opt-Out Request must include: (1) your full name, (2) your current address, (3) your current telephone number, (4) the last four digits of your Social Security Number, (5) a statement that you wish to be excluded from the Settlement, including reference to the case name and number provided above, and (6) your signature.  **To be valid, your Opt-Out Request must contain all items (1) through (6) listed in the preceding sentence, must be mailed by First-Class U.S. Mail (if mailed from within the United States) to the Settlement Administrator at the address provided below, and must be postmarked on or before _____, 2018.**  If you do not timely submit an Opt-Out Request (as evidenced by the date of the postmark) or your submission is missing any of the required information, your Opt-Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in the "What claims are being released by the Settlement?" section above and all other Settlement terms.  If the Opt-Out Request is mailed from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail.  If you timely submit an Opt-Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you were never a Class Member. **YOU WILL NOT BE ENTITLED TO ANY BENEFIT AS A RESULT OF THIS ACTION AND WILL NOT BE ENTITLED TO OR PERMITTED TO ASSERT AN OBJECTION TO THE SETTLEMENT.**

**If you send an Opt-Out Request to the Settlement Administrator by mistake or change your mind, you can still participate in the Settlement if you submit a timely Rescission of Opt-Out Request to the Settlement Administrator.**  Your Rescission of Opt-Out Request must include: (1) your full name, (2) your current address, (3) your current telephone number, (4) the last four digits of your Social Security Number, (5) a statement that you wish to rescind your request for exclusion from the Settlement in this Action, including reference to the case name and number provided above. **To be valid, your Rescission of Opt-Out Request must be mailed to the Settlement Administrator and must be postmarked on or before _____, 2018.**

---

**OPTION 3:  Object to the Settlement.**

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney (at your own expense), by mailing a written objection to the Settlement Administrator at its address provided below.  **YOU CANNOT OBJECT TO THE SETTLEMENT IF YOU OPT OUT OF THE SETTLEMENT.**

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action.  All objections must be mailed to the Settlement Administrator by First-Class U.S. Mail, no later than _____, 2018, as evidenced by the postmark.  If you submit a timely objection, you may appear, either personally or through an attorney (at your own expense), at the Final Approval Hearing discussed below, provided that your objection states your intention to appear at the Final Approval Hearing.  Your objection must clearly state (1) the case name and number, (2) the reasons why you believe the Court should find that the Settlement is not in the best interest of the Settlement Class, (3) the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection, and (4) whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, litigation expenses, the Enhancement Payment to the Class Representative, the claims process, and any and all other aspects of the Settlement.  **EVEN IF YOU FILE AN OBJECTION, AS LONG AS YOU DO NOT OPT OUT OF THE SETTLEMENT, YOU WILL RECEIVE A CASH PAYMENT IF THE COURT OVERRULES YOUR OBJECTION AND GIVES FINAL APPROVAL TO THE SETTLEMENT.**

*What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing on the fairness and adequacy of the Settlement, the Plan of Distribution, Co-Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the Enhancement Payments to the Class Representatives on _____, 2018 at _____ a.m./p.m. in Courtroom 5 of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, 7th Floor, Fresno, California 93721.  The Final Approval Hearing may be continued without further notice to Class Members.  You are not required to attend the Final Approval Hearing.

*How can I get additional information?*

You may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court located at the United States District Court for the Eastern District of California, located at 2500 Tulare Street, 7th Floor, Fresno, California 93721. You can also review the Joint Stipulation on the Settlement Administrator's website at: _____ [CPT Group's website].  You may also call the Settlement Administrator toll-free at _____ [CPT Group's toll free number].  And you may call Co-Class Counsel, Cheryl A. Kenner, at (213) 417-9226.

*What is the Settlement Administrator's mailing address?*

**The Settlement Administrator's address is:**

Singh/Rich v. Roadrunner Administrator
_____
_____ [CPT Group's address]

All Opt-Out Requests, Rescissions of Opt-Out Requests, Objections, address changes, and all other correspondence intended for the Settlement Administrator must be mailed to the Settlement Administrator's address provided in this section.

*What happens if my address has changed or changes or I need to update my address?*

**If your address changes or is different from the one confirmed or provided on the preprinted Class Notice, you must notify the Settlement Administrator**.  Co-Class Counsel do not have a duty under the terms of the Settlement to conduct any research to locate a new address, even if a Notice is returned as undeliverable.  The Settlement Administrator does not have a duty under the terms of the Settlement to conduct any research to locate a new address unless this Notice is returned to sender or returned as not deliverable or a settlement payment check is returned to sender or returned as not deliverable.

# Exhibit B

[DRIVER NAME]
[DRIVER ADDRESS]

**NOTICE OF ESTIMATED INDIVIDUAL SETTLEMENT PAYMENT**

Re:  *Jasbir Singh, et al. v. Roadrunner Intermodal Services, LLC*; *Central Cal Transportation, LLC*; and *Morgan Southern, Inc.* (Case No. 1:15-cv-01497-DAD-BAM);

*Nicholas E. Rich, et al. v. Roadrunner Intermodal Services, LLC*; *Central Cal Transportation, LLC*; and *Morgan Southern, Inc.* (Case No. 1:16-cv-01900-DAD-BAM); and

*Latrina Phillips v. Roadrunner Intermodal Services, LLC*; and Morgan Southern, Inc. (Case No. 1:17-cv-00164-DAD-BAM)

United States District Court, Eastern District of California

Dear Class Member:

Based on the Net Settlement Amount of approximately $5,854,666.67 available to Class Members and the <<**WksWkd**>> Weeks Worked credited to you while providing services to Roadrunner Intermodal Services, LLC; Central Cal Transportation, LLC; and/or Morgan Southern, Inc. ("Defendants"), your estimated pro rata share of the settlement will be **$**<<**EstSet**>>.

Each Class Member's credited Weeks Worked is based on Defendants' records of weeks that you worked for Defendants in the position of Owner-Operator and/or Independent Contractor Truck Driver at any time from February 9, 2011 and April 15, 2018.

Please note that this figure is **only an estimate** and may be higher or lower than as stated in this letter, based on rulings made by the Court during the settlement approval process and the number of individuals participating in the class action Settlement.

You are entitled to dispute the number of weeks worked credited to you that you worked as an Owner-Operator and/or Independent Contractor Truck Driver for Defendants between February 9, 2011 and April 15, 2018.  To dispute the number of weeks worked credited to you, you must send written notice to the Settlement Administrator in accordance with all terms set forth in the Notice of Proposed Class Action Settlement and Final Approval Hearing.  If you do not follow those procedures, your dispute will be rejected.

Sincerely,

Settlement Administrator